(April 6, 2000)

■ PAUL NOETZELL, Appellant, v PARK AVENUE HALL HOUSING DEVELOPMENT FUND CORPORATION, Respondent. (And a Third-Party Action.) [705 NYS2d 577] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered April 23, 1998, which granted defendant's motion to renew and reargue an earlier motion for summary judgment, and, upon renewal and reargument, to the extent appealed from as limited by plaintiff-appellant's brief, granted summary judgment dismissing plaintiff's cause of action under Labor Law § 241 (6), unanimously reversed, on the law, without costs, and the cause of action reinstated.

Plaintiff, an employee of third-party defendant SVG Window Installations, severed the top of his left thumb while using an electric saw at a construction site located at 1351 Park Avenue in Manhattan and owned by defendant Park Avenue Hall Housing Development Fund Corporation. In his complaint, he alleged that defendant violated Labor Law § 241 (6) "in failing to provide adequate, safe appliances and equipment for the plaintiff to do his work." In his bill of particulars, he alleged that defendant was negligent in violating Labor Law § 241 (6) and "in failing to provide a safe tool * * * in that the saw provided was defective with defective brakes and guards * * *

in failing to provide a lock to secure the blade from moving out of selected angle position."

At deposition, plaintiff testified that the saw lacked a handle that locked the blade into position, lacked a guard on the blade, and lacked a brake activated by the removal of the finger from the trigger. He recounted the accident and explained how these safety features, functioning properly, would have operated to prevent his injury.

Following defendant's first motion for summary judgment (denied for failure to attach a copy of the pleadings), plaintiff served defendant with a supplemental bill of particulars in which he identified the Code section allegedly violated as 12 NYCRR 23-1.12 (c), which requires that power saws be equipped with blade guards. He alleged again that defendant had violated 12 NYCRR 23-1.12 (c) in his affidavit in opposition to defendant's renewed summary judgment motion.

While a plaintiff asserting a cause of action under Labor Law § 241 (6) must allege a violation of a concrete specification of the Industrial Code (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494), his failure to identify the Code provision in his complaint or bill of particulars need not be fatal to his claim. In keeping with our policy that, in the absence of prejudice or unfair surprise, requests for leave to amend should be granted freely (*Daniels v Empire-Orr, Inc.*, 151 AD2d 370), we have held that it is improper for a court to dismiss a Labor Law § 241 (6) claim merely because the Code violation was not set forth in the initial pleadings (*see, e.g., Snowden v New York City Tr. Auth.*, 248 AD2d 235 [no new facts in addition to those alleged in plaintiff's complaint or bill of particulars, or inquired into at his deposition, were or needed to be alleged, to make out a violation of the specified code provision]).

Plaintiff's service, without leave of court, of a supplemental bill of particulars identifying 12 NYCRR 23-1.12 (c) was proper under CPLR 3043 (b), since allegations of Code violations merely amplify and elaborate upon facts and theories already set forth in the original bill of particulars and raise no new theory of liability (*Orros v Yick Ming Yip Realty*, 258 AD2d 387; cf., *Boland v Koppelman*, 251 AD2d 176; *see also, DeLuca v Federated Dept. Stores*, 259 AD2d 421). Furthermore, while plaintiff did not allege a violation of a Code provision concerning the safety features of power-driven, hand-operated saws until defendant moved for summary judgment, in his complaint he had alleged violations of Labor Law § 241 (6) and, in his bill of particulars, he had alleged negligence in failing to provide guards, brakes and locks for a power-driven, hand-operated saw (*see, Murtha v Integral Constr. Corp.*, 253 AD2d 637).

Plaintiff's belated identification of 12 NYCRR 23-1.12 entails no new factual allegations, raises no new theories of liability, and has caused no prejudice to defendant. Under the circumstances, the Supreme Court erred in dismissing the cause of action merely because plaintiff neglected to set forth the Code violation either in his complaint or bill of particulars.

We reject defendant's argument that 12 NYCRR 23-1.12 (c) (1), which applies to "[e]very portable, power-driven, hand-operated saw which is not provided with a saw table," is inapplicable to the facts of this case because the saw used by plaintiff was affixed to a table. Defendant's argument depends on its interpretation of plaintiff's deposition testimony. Our reading of the testimony leads us to conclude that the saw was without a table. Defendant therefore has not shown that section 23-1.12 is inapplicable as a matter of law. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Lerner and Friedman, JJ.