■ Joseph Samuel et al., Appellants, v A.T.P. Development Corp. et al., Respondents, et al., Defendant. (And a Third-Party Action.) [714 NYS2d 729] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Mastro, J.), dated September 13, 1999, which granted the separate motions of the defendants A.T.P. Development Corp. and Totten Village Associates for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff Joseph Samuel was attempting to drive a bulldozer up two adjacent steel ramps onto a trailer when the bulldozer allegedly slipped to the left, causing him to fall out

onto the ground. The defendant A.T.P. Development Corp. (hereinafter ATP) was the general contractor at the construction site, and the defendant Totten Village Associates (hereinafter Totten) owned the land. The injured plaintiff was employed by the third-party defendant M.D.T. Excavating, Inc., which had subcontracted with ATP to perform excavation work at that location.

Contrary to the plaintiffs' contentions, the Supreme Court properly granted the separate motions of ATP and Totten for summary judgment dismissing the amended complaint insofar as asserted against them.

The plaintiffs' Labor Law § 200 cause of action was properly dismissed because, after ATP and Totten made out prima facie cases for summary judgment, the plaintiffs failed to submit sufficient evidence to raise an issue of fact as to whether these defendants exercised any supervision or control over the injured plaintiff's work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Lombardi v Stout*, 80 NY2d 290).

A Labor Law § 240 (1) cause of action only applies to elevation-related risks at a worksite, such as falling from a height or being struck by a falling object which was improperly hoisted or secured (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494). "The task of unloading a truck is not an elevation-related risk simply because there is a difference in elevation between the ground and the truck bed" (*Jacome v State of New York*, 266 AD2d 345, 346; *see also, Tillman v Triou's Custom Homes*, 253 AD2d 254). Thus, the injured plaintiff's fall is not the kind of fall from an elevated worksite intended to be covered by the statute (*see, DePuy v Sibley, Lindsay & Curr Co.*, 225 AD2d 1069).

As the plaintiffs failed to allege a violation of any specific provision of the Industrial Code (*see,* 12 NYCRR part 23), the Supreme Court properly dismissed the plaintiffs' Labor Law § 241 (6) cause of action (*see, Charles v City of New York*, 227 AD2d 429; *see also, Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*).

Moreover, the Supreme Court properly exercised its discretion in allowing ATP and Totten to serve motions for summary judgment 141 days after the note of issue was filed (*see, Goodman v Gudi*, 264 AD2d 758). CPLR 3212 (a) provides that motions for summary judgment shall be made no later than 120 days after the filing of the note of issue, except with leave of court on "good cause" shown. The Supreme Court is afforded wide latitude with respect to determining whether good cause exists for permitting late motions, and it may, as here,

entertain belated but meritorious motions in the interest of judicial economy where the opposing party fails to demonstrate prejudice (*see, Rossi v Arnot Ogden Med. Ctr.,* 252 AD2d 778). Ritter, J. P., Florio, H. Miller and Feuerstein, JJ., concur.