■ EXFORD KELLEIR et al., Respondents, v SUPREME INDUSTRIAL PARK, LLC, et al., Appellants. (And a Third-Party Action.) [740 NYS2d 398] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (Jones, J.), dated June 11, 2001, as denied that branch of their motion which was for summary judgment dismissing so much of the plaintiffs' first cause of action as sought to recover damages for violation of Labor Law § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff Exford Kelleir was injured while cutting a pipe with a blow torch at a construction site owned by the defendant Supreme Industrial Park, LLC, and leased to the defendants Superflex Realty, LLC, and Superflex, Ltd. The plaintiffs alleged, inter alia, violations of Labor Law § 241 (6) and that the injuries were caused when a defective pipe exploded in the face and eyes of the injured plaintiff. The plaintiffs' bill of particulars further alleged that the defendants were negligent in failing to provide the injured plaintiff with adequate eye protection. At his deposition, the injured plaintiff testified that the face shield provided to him melted and moved about his face as he cut the pipe.

Contrary to the defendants' contention, the Supreme Court properly considered the plaintiffs' allegation of a State Industrial Code (hereinafter the Industrial Code) violation which was raised for the first time in opposition to the defendants' motion for summary judgment. Although a plaintiff asserting a Labor Law § 241 (6) cause of action must allege a violation of a specific and concrete provision of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Samuel v A.T.P. Dev. Corp.,* 276 AD2d 685, 686; *McGurran v*

*DiCanio Planned Dev. Corp.*, 251 AD2d 467, 468-469), a failure to identify the Code provision in the complaint or bill of particulars is not fatal to such a claim (*see Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231). Thus, the plaintiffs' belated allegation of a violation of 12 NYCRR 23-1.8 (a) involved no new factual allegations, raised no new theories of liability, and caused no prejudice to the defendants (*see Noetzell v Park Ave. Hall Hous. Dev. Fund Corp., supra; see also O'Connell v Consolidated Edison Co. of N.Y.*, 276 AD2d 608, 610). The plaintiffs' failure to seek leave of court to supplement their bill of particulars is not fatal to their Labor Law § 241 (6) claim (*see* CPLR 3025, 3043 [b]; *Dittmar Explosives v A.E. Ottaviano, Inc.*, 20 NY2d 498; *Balsamo v City of New York*, 287 AD2d 22, 27; *Smith v Hovnanian Co.*, 218 AD2d 68, 71). Ritter, J.P., O'Brien, Krausman and Adams, JJ., concur.