■ MARY O. WARDEN, Respondent, v ROBERT ORLANDI, Appellant, et al., Defendant. [772 NYS2d 299]—

Order, Supreme Court, Bronx County (Paul Victor, J.), entered on or about October 30, 2001, which denied defendant-appellant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as to him. The Clerk is directed to enter judgment accordingly.

Plaintiff's decedent, Cheryl Wilkey, a former licensed practical nurse, was a plaintiff in a personal injury action against a defendant landowner. As part of the discovery in that action, the landowner's counsel requested that Wilkey undergo an independent medical examination. Wilkey's attorney referred her to defendant-appellant Dr. Robert Orlandi.

Dr. Orlandi's main office was in Connecticut, but he used other offices for second opinion evaluations and for independent medical examinations. As relevant to this appeal, Dr. Orlandi rented an examination room in a Bronx medical office building used and leased by a medical professional corporation. He used an examining room in the medical building once or twice a month and paid $150 per day. Dr. Orlandi did not employ any of the receptionists who worked at the Bronx medical office building and he had no authority to supervise or control anyone who worked at the Bronx premises.

Wilkey had an appointment for an independent medical examination on September 19, 1997 with Dr. Orlandi at the Bronx medical office building location. She recalled none of the names displayed at the premises. When Wilkey entered, the receptionist "acknowledged" her referral letter and asked her to be seated. After about 45 minutes, a man came running through the reception area announcing his arrival. He had a briefcase and was wearing an ID tag. Wilkey assumed he was Dr. Orlandi.

The man and the receptionist called some names, and those people followed the man into the back. The same man led Wilkey to a cubicle and told her to disrobe and lie down. He did not ask plaintiff why she was there and proceeded to "manipulate" her head or neck. Wilkey advised him that the injury had been to her ribs, but he continued, undeterred, injuring her neck. Another man exited an office that had Dr. Orlandi's name plate affixed to the door. Dr. Orlandi identified himself to Wilkey,

apologized, and examined her neck. Dr. Orlandi did not know the identity of the man who allegedly injured Wilkey.

Wilkey commenced this action against Dr. Orlandi and John Doe. According to the IAS court, it is not clear whether jurisdiction was ever obtained against John Doe. Wilkey alleged lack of informed consent and that defendants and their agents had committed medical malpractice by failing to properly treat Wilkey and failing to properly supervise office personnel.

Dr. Orlandi moved for summary judgment. Denying an agency relationship with anyone in the Bronx office, Dr. Orlandi maintained further that he had not treated Wilkey. Wilkey argued that there were issues of fact as to whether an agency by estoppel had been created between the Bronx office and himself.

The court denied Dr. Orlandi's motion on the ground that questions of fact existed "as to whether defendant held himself out as the employer or supervisor of the person committing the injury, as well as other employees, who apparently referred plaintiff to the wrong physician."

As a threshold matter, Dr. Orlandi argues that Wilkey improperly changed her theory of the case from actual agency to agency by estoppel after he submitted motion papers which established lack of actual agency. However, raising a new assertion in opposition to summary judgment is permissible when it raises no new theory of law or new factual assertion and does not prejudice the moving party (*see Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 233 [2000]; *Kelleir v Supreme Indus. Park*, 293 AD2d 513, 514 [2002]). Here, Wilkey's estoppel argument was in response to Dr. Orlandi's claim that no agency relationship existed, and, thus, was proper.

Generally, vicarious liability for medical malpractice rests on "agency or control in fact" (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]). However, in *Hannon v Siegel-Cooper Co.* (167 NY 244 [1901]), the Court of Appeals "recognized as a predicate for malpractice liability apparent or ostensible agency (or, as it is sometimes called, agency by estoppel . . .)" (*Hill*, 67 NY2d at 79). Liability based on agency by estoppel requires a showing that the treater was "provided" by the defendant or was otherwise acting on the defendant's behalf, and that the plaintiff reasonably believed that the treater was acting at the defendant's "behest" (*see Sarivola v Brookdale Hosp. & Med. Ctr.*, 204 AD2d 245, 245-246, *lv denied* 85 NY2d 805 [1995]; *Soltis v State of New York*, 172 AD2d 919 [1991]).

Dr. Orlandi met his burden as movant in establishing by competent evidence that there was no actual agency between

John Doe and himself. It was then incumbent upon Wilkey to raise a triable issue of fact as to agency by estoppel. A "[p]laintiff cannot rely on conjecture and inference to establish agency, either actual or ostensible" (*Hylton v Flushing Hosp. & Med. Ctr.*, 218 AD2d 604, 606 [1995], *lv denied* 87 NY2d 807 [1996]). Indeed, "[r]ank speculation is no substitute for evidentiary proof in admissible form that is required to establish the existence of a material issue of fact and, thus, defeat a motion for summary judgment" (*see Tungsupong v Bronx-Lebanon Hosp. Ctr.*, 213 AD2d 236, 238 [1995]).

Here, despite a background as a practical nurse, Wilkey simply assumed that the man with the briefcase and ID tag was Dr. Orlandi. The facts that Dr. Orlandi used the Bronx office, its address and support staff are insufficient to raise an issue of fact as to ostensible agency, especially since there is no evidence that Dr. Orlandi even knew who John Doe was, let alone instructed him to treat Wilkey.

Accordingly, we conclude that Dr. Orlandi was entitled to summary judgment dismissing the complaint as to him. Concur—Mazzarelli, J.P., Saxe, Lerner and Marlow, JJ.