Larry E. Harris, Appellant, v Rochester Gas & Electric Corp., Respondent. [783 NYS2d 733]—

Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered August 5, 2003. The judgment and order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment in a personal injury action.

It is hereby ordered that the judgment and order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this common-law negligence and Labor Law action seeking damages for injuries he sustained while using a jackhammer as he was standing atop a cylindrical dome. Plaintiff's employer was hired to remove old steam generators from a power plant by cutting two large hexagonal openings in the side of the concrete dome. At the time of his injury, plaintiff was using a jackhammer to enlarge one of the hexagonal openings. Plaintiff testified at his deposition that he was injured when he did not get a good "bite" with his jackhammer, he lunged forward as his footing gave way, and he fell and struck his knee.

We agree with plaintiff that Supreme Court erred in holding that it could not consider 12 NYCRR 23-3.3 (*l*) as a basis for plaintiff's Labor Law § 241 (6) claim because that regulation was raised by plaintiff for the first time in opposition to defendant's motion for summary judgment and in support of his cross motion for summary judgment (*see Kelleir v Supreme Indus. Park*, 293 AD2d 513, 513-514 [2002]; *Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 232-233 [2000]). Contrary to the contention of defendant, it was not prejudiced by plaintiff's delayed reliance on 12 NYCRR 23-3.3 (l), which requires safe footing in demolition operations. Defendant was aware through the allegations in the complaint and plaintiff's deposition testimony that the safety of the surface on which plaintiff was standing was an issue.

We disagree with plaintiff, however, that there is a triable issue whether the regulation was violated. The regulation provides, in relevant part, that "[a]ny person working above the first floor or ground level in the demolition of any building or other structure shall not be suffered or permitted to use accumulated debris or piled materials as a footing . . . . Every person shall be provided with safe footing consisting of sound flooring" (12 NYCRR 23-3.3 [l]). The regulation is aimed at providing sound flooring when working above ground level in a demolition project. Here, although plaintiff was working above ground level, he was actually standing on the structure that was being demolished in part. His testimony established that he was standing either on the metal lining of the dome or on the concrete surface of the dome that he was chipping away. Those floorings were sound and not in danger of collapsing, and thus there is no triable issue whether the regulation was violated. The fact that there may have been some loose debris around plaintiff does not change the outcome. The accumulation of the concrete debris in the work area "was an unavoidable and inherent result of work at a[n] on-going demolition project" (*Bond v*

*York Hunter Constr.,* 270 AD2d 112, 113 [2000], *affd* 95 NY2d 883 [2000]; *see also Alvia v Teman Elec. Contr.,* 287 AD2d 421, 423 [2001], *lv dismissed* 97 NY2d 749 [2002]). It would have been impossible for plaintiff's worksite to be completely free of debris at all times, and the regulation does not require that. Rather, the regulation prohibits a worker from having to use a pile of debris or materials as a substitute for a scaffold or other sound flooring. That did not occur here, and thus there is no issue of fact whether the regulation was violated. Present—Hurlbutt, J.P., Gorski, Martoche, Lawton and Hayes, JJ.