(March 24, 2009)

■ OMAR ABREO, Respondent, v URS GREINER WOODWARD CLYDE, Now Known as URS CORPORATION-NEW YORK, Defendant and Third-Party Plaintiff-Appellant. SAFEWAY CONSTRUCTION ENTERPRISES, INC., et al., Third-Party Defendants; COLGATE SCAFFOLDING, Third-Party Defendant-Appellant. [875 NYS2d 577]—

In an action to recover damages for personal injuries, (1)

Colgate Scaffolding appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated October 10, 2007, which denied its motion for summary judgment dismissing the complaint, and (2) URS Greiner Woodward Clyde, now known as URS Corporation-New York separately appeals, as limited by its brief, from so much of an order of the same court dated October 11, 2007, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as premised upon alleged violations of 12 NYCRR 23-5.1 (b), (c) and (h), and 23-5.3 (g) and (h), and Colgate Scaffolding also appeals, as limited by its brief, from stated portions of the same order.

Ordered that the order dated October 10, 2007 is affirmed; and it is further,

Ordered that the appeal by Colgate Scaffolding from the order dated October 11, 2007, is dismissed, as that defendant is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order dated October 11, 2007 is affirmed insofar as appealed from by URS Greiner Woodward Clyde, now known as URS Corporation-New York; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by Colgate Scaffolding and URS Greiner Woodward Clyde, now known as URS Corporation-New York.

The plaintiff allegedly was injured while working on a renovation/demolition project. At examinations before trial, the plaintiff testified that he was on a scaffold using an electric chisel to remove bricks from a fourth-floor corner of the exterior facade of a building. He had just finished removing bricks from the fifth floor. According to the plaintiff, the scaffolding was inadequate to allow him to reach the uppermost bricks of each level of work. He testified that, as a result, in order to complete his work he needed to stand on a pile of bricks one to two feet high that had accumulated on the planking of the scaffold from his work on the fifth floor. The plaintiff testified that he had never requested a ladder for his work because "[t]here wasn't one," but that he had complained to his employer (nonparty Graciano Corp.) that he could not reach the uppermost bricks, to no avail. The plaintiff testified that he was injured when the scaffold moved or shifted, and he lost his balance and fell from the pile of bricks to the planking of the scaffold. The plaintiff commenced this action against URS Greiner Woodward Clyde, now known as URS Corporation-New York (hereinafter URS), the alleged general contractor on the project, seeking damages,

inter alia, for violations of Labor Law §§ 200, 240 (1) and § 241 (6). URS commenced a second third-party action against Colgate Scaffolding (hereinafter Colgate), the company that provided the scaffolding, seeking common-law and contractual indemnification and contribution. Both URS and Colgate moved for summary judgment dismissing the complaint. The Supreme Court denied those branches of URS's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as premised upon alleged violations of 12 NYCRR 23-5.1 (b), (c) and (h), and 23-5.3 (g) and (h), and denied Colgate's motion in its entirety on the ground that it did not have standing to seek to dismiss the complaint. URS and Colgate appeal.

Labor Law § 240 (1) requires owners and contractors to provide protective devices when there is a significant risk inherent in a particular task because of the relative elevation at which the task must be performed, or at which materials or loads must be positioned or secured (*see Toefer v Long Is. R.R.,* 4 NY3d 399 [2005]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494 [1993]; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509 [1991]). Here, URS failed to demonstrate, prima facie, that "falling worker" liability under Labor Law § 240 (1) is inapplicable. Rather, the plaintiff's task of removing bricks from the fourth floor exterior of a building exposed him to the type of elevation-related risk within the contemplation of Labor Law § 240 (1), and his deposition testimony raises triable issues of fact as to whether the protective device provided was adequate. Contrary to URS's contention, the fact that the plaintiff did not fall completely off of the scaffolding is not controlling (*see Ienco v RFD Second Ave., LLC,* 41 AD3d 537 [2007]; *Ortiz v Turner Constr. Co.,* 28 AD3d 627 [2006]; *Cordero v Kaiser Org.,* 288 AD2d 424 [2001]; *Lacey v Turner Constr. Co.,* 275 AD2d 734 [2000]). In sum, the Supreme Court properly denied that branch of URS's motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action.

The Supreme Court also properly denied that branch of URS's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as premised upon alleged violations of 12 NYCRR 23-5.1 (b), (c) and (h), and 23-5.3 (g) and (h). Contrary to URS's contention, each of the provisions at issue sets forth specific, rather than general, safety standards, and is sufficient to support a Labor Law § 241 (6) cause of action (*see Tomyuk v Junefield Assoc.,* 57 AD3d 518 [2008]; *Lavore v Kir Munsey Park 020, LLC,* 40 AD3d 711 [2007]; *O'Connor v Spencer [1997] Inv. Ltd. Partnership,* 2

AD3d 513 [2003]; *see generally Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494 [1993]). Further, URS failed to demonstrate, prima facie, either that the Industrial Code provisions cited were inapplicable to the facts, or that the alleged violation of the same was not a proximate cause of the damages alleged (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494 [1993]; *Payne v 100 Motor Parkway Assoc., LLC,* 45 AD3d 550 [2007]; *Rivera v Santos,* 35 AD3d 700 [2006]).

Contrary to the conclusion of the Supreme Court, Colgate did not lack standing to seek summary judgment dismissing the complaint (*see* CPLR 1008; *Stamboulis v Stefatos,* 256 AD2d 328 [1998]). However, like URS, it failed to make out a prima facie case for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as premised upon alleged violations of 12 NYCRR 23-5.1 (b), (c) and (h), and 23-5.3 (g) and (h).

The remaining contentions of URS and Colgate are without merit. Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur.