■ SHAWN ROSS, Respondent, v DD 11TH AVENUE, LLC, et al., Appellants. [971 NYS2d 304]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered June 12, 2012, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as predicated on an alleged violation of 12 NYCRR 23-2.2 (a), and dismissing the complaint insofar as asserted against the defendants Steven Charno, doing business as DD 11th Avenue, LLC, and Eleventh Avenue, L.P.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of a superstructure contractor, was allegedly injured while stripping wooden forms that had served as frames into which concrete had been poured to form the reinforced concrete columns of a building under construction. The plaintiff testified at his deposition that the accident occurred after he had plied a piece of wooden form from the concrete column and placed it on the floor. As he stood up, a separate piece of the form situated above the piece he had just removed suddenly fell off of the column, striking him in the face. The plaintiff commenced this action to recover damages for personal injuries, alleging causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6).

Labor Law § 240 (1) requires property owners and contractors to provide workers with "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection" to the workers (Labor Law § 240 [1]). The purpose of the statute is to protect against "such specific gravity-related accidents as falling from a height or being struck

by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011]; *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490 [1995]). However, not every object that falls on a worker gives rise to the extraordinary protections of Labor Law § 240 (1) (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). Thus, in order to recover damages for violation of the statute, the "plaintiff must show more than simply that an object fell causing injury to a worker" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268). A plaintiff must show that, at the time the object fell, it was "being hoisted or secured" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268) or "required securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]; *see Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758 [2008]). The plaintiff must also show that the object fell "because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268).

The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1). The evidence submitted by the defendants in support of their motion did not establish "the absence of a causal nexus between the worker's injury and a lack or failure of a device prescribed by section 240 (1)" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 9, citing *Misseritti v Mark IV Constr. Co.*, 86 NY2d at 490-491; *see Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268). The plaintiff's deposition testimony, which was submitted by the defendants in support of their motion, presents a triable issue of fact as to whether the piece of form fell on the plaintiff "because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268; *see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 9; *Charney v LeChase Constr.*, 90 AD3d 1477, 1479 [2011]). Contrary to the defendants' contention, the securing of pieces of form to the column would not have been "contrary to the objectives of the work plan" (*Salazar v Novalex Contr. Corp.*, 18 NY3d 134, 140 [2011]), as the plaintiff testified that the forms were cut into sections and that he was removing a different section than the one that fell on him.

Although a plaintiff asserting a Labor Law § 241 (6) cause of action must allege a violation of a specific provision of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 503; *Kowalik v Lipschutz*, 81 AD3d 782, 783 [2011];

*Samuel v A.T.P. Dev. Corp.*, 276 AD2d 685, 686 [2000]), a failure to identify the Industrial Code provision in the complaint or bill of particulars is not fatal to such a claim (*see Galarraga v City of New York*, 54 AD3d 308, 310 [2008]; *Kelleir v Supreme Indus. Park*, 293 AD2d 513, 513-514 [2002]; *Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 231 [2000]). The plaintiff's belated allegation of a violation of 12 NYCRR 23-2.2 (a) involved no new factual allegations, raised no new theories of liability, and caused no prejudice to the defendants (*see Kelleir v Supreme Indus. Park*, 293 AD2d at 513-514; *Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d at 231; *see also O'Connell v Consolidated Edison Co. of N.Y.*, 276 AD2d 608, 610 [2000]). The defendants were put on sufficient notice, through the plaintiff's bill of particulars and deposition testimony, that the Labor Law § 241 (6) cause of action related to inadequately secured forms. Thus, the plaintiff's failure to seek leave of court to supplement his bill of particulars is not fatal to his Labor Law § 241 (6) cause of action (*see Kelleir v Supreme Indus. Park*, 293 AD2d at 514; *Balsamo v City of New York*, 287 AD2d 22, 27 [2001]).

Section 23-2.2 (a) of the Industrial Code (12 NYCRR), which relates to forms used in concrete work, has been held to be a proper predicate for a Labor Law § 241 (6) cause of action (*see Corsaro v Mt. Calvary Cemetery*, 227 AD2d 957, 957-958 [1996]). In the absence of any expert opinion addressing the issue of whether 12 NYCRR 23-2.2 (a) applies where the forms are in the process of being stripped, the defendants, as the proponents of the motion, did not establish their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action to the extent that it was premised upon an alleged violation of 12 NYCRR 23-2.2 (a) (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Giordano v Forest City Ratner Cos.*, 43 AD3d 1106 [2007]).

The defendants also failed to establish, prima facie, that the defendants Steven Charno, doing business as DD 11th Avenue, LLC (hereinafter Charno), and Eleventh Avenue, L.P., were neither owners, general contractors, nor the statutory agents of owners or general contractors within the meeting of the Labor Law. The bald, conclusory statement that those defendants were improperly named as defendants as they were not owners, construction managers, or contractors on the project, as set forth in the affirmation of the defendants' counsel, was not based on personal knowledge and, thus, was insufficient to make a prima facie showing of entitlement to judgment as a matter of law (*see Mikelatos v Theofilaktidis*, 105 AD3d 822 [2013]; *Carthans v Grenadier Realty Corp.*, 38 AD3d 489 [2007]).

Therefore, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as predicated on an alleged violation of 12 NYCRR 23-2.2 (a), and dismissing the complaint insofar as asserted Charno and Eleventh Avenue, L.P., regardless of the sufficiency of the plaintiff's opposition papers (*see* CPLR 3212 [b]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 851; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Balkin, J.P., Leventhal, Cohen and Miller, JJ., concur.