In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (James J. Golia, J.), dated December 12, 2011, as granted those branches of the cross motion of the defendants/third-party plaintiffs, and those branches of the separate cross motion of the third-party defendant, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6).
Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion of the defendants/third-party plaintiffs, and those branches of the separate cross motion of the third-party defendant, which were for summary judgment dismissing the cause of action alleging violations of Labor Law § 200 and so much of the cause of action alleging violations of Labor Law § 241 (6) as was predicated upon alleged violations of 12 NYCRR 23-5.1 (c), (e) (1) and 23-5.3 (f), and substituting therefor provisions denying those branches of the separate cross motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the appellant by the defendants/third-party plaintiffs-respondents and the third-party defendant-respondent.
The plaintiff, a bricklayer employed by the third-party defendant, allegedly injured his right shoulder when, while working on an elevated scaffold at a construction site, his right foot fell through an opening created by missing planks and he grabbed onto overhead planks to stop himself from falling.
The Supreme Court improperly granted those branches of the cross motion of the defendants/third-party plaintiffs, and those branches of the separate cross motion of the third-party defendant, which were for summary judgment dismissing so much of the cause of action alleging violations of Labor Law § 241 (6) as was predicated upon alleged violations of 12 NYCRR 23-5.1 (c), (e) (1) and 23-5.3 (f), as the movants failed to establish, prima facie, their entitlement to judgment as a matter of law in this regard.
Although a plaintiff asserting a Labor Law § 241 (6) cause of action must allege a violation of a specific and concrete provision of the Industrial Code (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 503 [1993]; Kowalik v Lipschutz, 81 AD3d 782, 783 [2011]; Samuel v A.T.P. Dev. Corp., 276 AD2d *607 685, 686 [2000]), a failure to identify the Code provision in the complaint or bill of particulars is not fatal to such a claim (see Galarraga v City of New York, 54 AD3d 308, 310 [2008]; Kelleir v Supreme Indus. Park, 293 AD2d 513, 513-514 [2002]; Noetzell v Park Ave. Hall Hous. Dev. Fund Corp., 271 AD2d 231 [2000]). The plaintiff’s belated allegations that the defendants/third-party plaintiffs violated 12 NYCRR 23-5.1 (c), (e) (1); (f) and 23-5.3 (f) involved no new factual allegations, raised no new theories of liability, and caused no prejudice to the defendants/ third-party plaintiffs (see Kelleir v Supreme Indus. Park, 293 AD2d at 513-514; Noetzell v Park Ave. Hall Hous. Dev. Fund Corp., 271 AD2d 231 [2000]; see also O’Connell v Consolidated Edison Co. of N.Y., 276 AD2d 608, 610 [2000]). The defendants/third-party plaintiffs were put on sufficient notice that the cause of action alleging violations of Labor Law § 241 (6) related to missing scaffold planks through the plaintiffs bill of particulars and deposition testimony. Thus, they cannot reasonably claim prejudice or surprise.
Moreover, 12 NYCRR 23-5.1 (c), (e) (1) and 23-5.3 (f) set forth specific, rather than general, safety standards, and are sufficient to support a Labor Law § 241 (6) cause of action (see Abreo v URS Greiner Woodward Clyde, 60 AD3d 878, 880 [2009]; Tomyuk v Junefield Assoc., 57 AD3d 518, 521 [2008]; Soltes v Brentwood Union Free School Dist., 47 AD3d 804, 805 [2008]; O’Connor v Spencer [1997] Inv. Ltd. Partnership, 2 AD3d 513, 515 [2003]; Sopha v Combustion Eng’g, 261 AD2d 911, 912 [1999]). The defendants/third-party plaintiffs and the third-party defendant did not establish either that those Industrial Code provisions were inapplicable to the facts of this case, or that the alleged violation of those provisions was not a proximate cause of the damages alleged (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501-505; Treu v Cappelletti, 71 AD3d 994, 998 [2010]; Abreo v URS Greiner Woodward Clyde, 60 AD3d at 880). However, 12 NYCRR 23-5.1 (f) does not support the cause of action alleging violations of Labor Law § 241 (6) because that Industrial Code provision sets forth a general, rather than a specific, safety standard (see Sopha v Combustion Eng’g, 261 AD2d at 912; Moutray v Baron, 244 AD2d 618, 619 [1997]).
“Labor Law § 200 (1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work” (Ortega v Puccia, 57 AD3d 54, 60 [2008]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505). Where, as here, a plaintiffs claim arises out of alleged defects or dangers in the methods or materials of the work, to prevail *608 on a Labor Law § 200 cause of action, the plaintiff must show that the defendant “had the authority to supervise or control the performance of the work” (Ortega v Puccia, 57 AD3d at 61; see Piloto v 866 U.N. Plaza Assoc., LLC, 77 AD3d 644, 646 [2010]). “A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed” (Ortega v Puccia, 57 AD3d at 62). “[T]he right to generally supervise the work, stop the contractor’s work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence” (Austin v Consolidated Edison, Inc., 79 AD3d 682, 684 [2010] [internal quotation marks omitted]; see Cambizaca v New York City Tr. Auth., 57 AD3d 701, 702 [2008]).
Here, the defendants/third-party plaintiffs and the third-party defendant failed to make a prima facie showing that the defendants/third-party plaintiffs did not have the authority to supervise or control the manner in which the plaintiffs work was performed (see Torres v Perry St. Dev. Corp., 104 AD3d 672, 676 [2013]; Hurtado v Interstate Materials Corp., 56 AD3d 722, 723 [2008]). Accordingly, those branches of the respective cross motions which were for summary judgment dismissing the cause of action alleging violations of Labor Law § 200 should have been denied, regardless of the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Angiolillo, J.E, Hall, Austin and Miller, JJ., concur. [Prior Case History: 2011 NY Slip Op 33513(U).]