In an action to recover damages for personal injuries, etc., the defendant 373 Wythe Realty, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated December 20, 2011, as granted that branch of the plaintiffs’ motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff Julio Cueva (hereinafter the injured plaintiff) was employed on a demolition and asbestos abatement project on the roof of a building owned by the defendant 373 Wythe Realty, Inc. (hereinafter Wythe). While the injured plaintiff was dragging a piece of cut asbestos across the roof to a stacking area, the section of roof across which he was walking collapsed and he fell to the ground level of the building.
*877 The injured plaintiff, and his wife suing derivatively, commenced this action against Wythe, as well as Wythe’s demolition and construction contractors, alleging, inter alia, that a violation of Labor Law § 241 (6) caused his injuries. The plaintiffs moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) against Wythe, and the Supreme Court granted that branch of the plaintiffs’ motion.
Contrary to Wythe’s contention, Industrial Code (12 NYCRR) § 23-3.3 (1) applies to the facts of this case. That regulation provides, in pertinent part, that “[a]ny person working above the first floor or ground level in the demolition of any building or other structure . . . shall be provided with safe footing consisting of sound flooring” (12 NYCRR 23-3.3 [1]). Inasmuch as the plaintiff submitted evidence that he was performing demolition work above ground level, and that the roof on which he was standing collapsed, he demonstrated prima facie that he was not provided with “sound flooring” in violation of this regulation (cf. Harris v Rochester Gas & Elec. Corp., 11 AD3d 1032, 1033 [2004]).
Further, the Supreme Court properly rejected Wythe’s contention that the plaintiffs’ motion should have been denied pursuant to CPLR 3212 (f) on the ground that it was premature. A party who contends that a motion for summary judgment is premature must show that there is some evidentiary basis to believe that further discovery would produce relevant evidence or that facts essential to justify opposition to the motion are exclusively within the knowledge and control of the other party (see Anzel v Pistorino, 105 AD3d 784, 786 [2013]; Lopez v WS Distrib., Inc., 34 AD3d 759, 760 [2006]). It must also show that it made a reasonable effort to discover that evidence (see Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557 [2007]; Companion Life Ins. Co. of N.Y. v All State Abstract Corp., 35 AD3d 519, 521 [2006]). Wythe failed to meet either of these requirements.
There being no triable issue of fact raised in opposition to the plaintiffs’ motion for summary judgment against Wythe, the Supreme Court properly granted that branch of the plaintiffs’ motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it. Angiolillo, J.E, Dickerson, Austin and Hinds-Radix, JJ., concur.