# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**304**
**CA 13-01082**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

KIMBERLY OWENS, PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

BARR MIESCH, ROCHESTER HOUSING AUTHORITY,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

WILLIAM MATTAR, P.C., WILLIAMSVILLE (ASHLEY FASSO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

CRAMER, SMITH & MILLER, P.C., SYRACUSE (LAUREN M. MILLER OF COUNSEL), FOR DEFENDANT-RESPONDENT BARR MIESCH.

ERNEST D. SANTORO, ESQ., P.C., ROCHESTER (RICHARD A. KAUL OF COUNSEL), FOR DEFENDANT-RESPONDENT ROCHESTER HOUSING AUTHORITY.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered March 12, 2013.  The order granted the motions of defendants Barr Miesch and Rochester Housing Authority for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking to recover damages for injuries she sustained when she slipped and fell on an icy public sidewalk in front of her house, which is owned by Barr Miesch (defendant).  Supreme Court properly granted defendant's motion seeking summary judgment dismissing the complaint against him. "Unless a statute or ordinance '*clearly imposes liability* upon' an abutting landowner, only a municipality may be held liable for the negligent failure to remove snow and ice from a public sidewalk" (*Smalley v Bemben*, 12 NY3d 751, 752, quoting *Roark v Hunting*, 24 NY2d 470, 475; *see Schroeck v Gies*, 110 AD3d 1497, 1497).  Here, there is no question that the Charter of the City of Rochester (Charter) and the Municipal Code of the City of Rochester (Code) "do not clearly subject landowners to such liability" (*Smalley*, 12 NY3d at 752; *see* Charter § 7-10; Code § 104-11 [c]).  The court therefore properly granted defendant's motion.

We reject plaintiff's contention that defendant's motion should have been denied pursuant to CPLR 3212 (f) on the ground that it was premature.  We conclude that the facts she sought to obtain were not

in defendant's exclusive knowledge and control and, in any event, would not have provided a basis to impose liability on defendant (*see Cueva v 373 Wythe Realty, Inc.*, 111 AD3d 876, 877).

The court also properly granted the motion of defendant Rochester Housing Authority (RHA) seeking summary judgment dismissing the complaint against it.  RHA established as a matter of law that its duties with respect to defendant's premises did not encompass inspecting the sidewalk for snow and ice removal (*see generally Jablonski v Rapalje*, 14 AD3d 484, 488), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Contrary to plaintiff's contention, the court properly took judicial notice of the applicable HUD regulations with respect to RHA's motion (*see* CPLR 4511 [b]).

Entered:  June 13, 2014                         Frances E. Cafarell
                                                Clerk of the Court