■ MAE RHYMES, Respondent, v HEMANT K. PATEL, M.D., Defendant, and HARMEET SINGH, M.D., et al., Appellants. [33 NYS3d 170]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about February 20, 2015, which, to the extent appealed from as limited by the briefs, denied the motions of defendants Hemant K. Patel M.D., P.C. and Vinod G. Bhagat M.D., and of defendant Harmeet Singh M.D. for summary judgment dismissing the complaint in its entirety, unanimously affirmed, without costs.

From 2000 to 2009, plaintiff's decedent, Bevia Rhymes, sought treatment with defendants Drs. Patel, Bhagat, and Singh, all of whom who were, at one time, employees of defendant Hemant K. Patel M.D., P.C., (the Patel PC). Decedent had smoked one pack of cigarettes a day for 25 years, quitting in 2000. During her treatment with defendants, decedent was diagnosed with, inter alia, chronic obstructive pulmonary disorder (COPD).

In August 2009, decedent was admitted to Montefiore Medical Center and diagnosed with lung cancer; she passed away in April 2010, whereupon plaintiff brought this medical malpractice action against the three physician defendants and the Patel PC alleging, inter alia, that they failed to order a chest X ray to detect cancer.

All defendants moved for summary judgment dismissing the complaint. In opposition, plaintiff submitted an expert's affirmation alleging that defendants negligently failed to order a chest CT scan, and abandoned the allegation that defendants failed to order an X ray.

Defendants Bhagat, Patel and the Patel PC established

prima facie entitlement to summary judgment by submitting an affirmation of a medical expert establishing that they had rendered acceptable treatment to decedent. Their expert affirmed that decedent, who had COPD, was diagnosed properly, and treated accordingly, by defendants. Defendant Singh also established prima facie entitlement to summary judgment through the affirmation of a medical expert, who opined that he treated decedent appropriately. While decedent had made "isolated complaints" of shortness of breath during her treatment with the other physicians at the Patel PC, these symptoms were not accompanied by other signs or symptoms attributable to lung cancer, such as chest pain, coughing, fever or syncope.

In opposition, however, plaintiff raised an issue of fact by asserting that had defendants, consistent with the standard of care, ordered a chest CT scan of decedent, her cancer may have been detected and operable during the period defendants were treating her. Contrary to defendants' assertions, these allegations were not new theories, as the failure to order proper testing was already alleged in plaintiff's bill of particulars (*see Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 233 [1st Dept 2000]; *Contreras v Adeyemi*, 39 Misc 3d 1202[A], 2012 NY Slip Op 52453[U], *11-12 [Sup Ct, Kings County 2012], *affd in part* 102 AD3d 720 [2d Dept 2013]).

The Patel PC's claim that it was not vicariously liable for the acts or omissions of Dr. Singh on November 9, 2007 is unavailing, as there remain issues of fact as to whether the PC is liable under the theory of ostensible agency (*see Warden v Orlandi*, 4 AD3d 239, 241-242 [1st Dept 2004]). There is no evidence that decedent specifically returned to the PC for treatment by one specific physician. Although Dr. Singh may only be responsible for decedent's November 9, 2007 visit with him, a question of fact exists as to whether the PC is vicariously liable for any of Singh's acts and omissions on that date (*see Hill v St. Clare's Hosp.*, 107 AD2d 557, 558 [1st Dept 1985], *mod* 67 NY2d 72 [1986]). Concur—Tom, J.P., Saxe, Richter, Gische and Webber, JJ.