Anthony v Smina (2018 NY Slip Op 02138)





Anthony v Smina


2018 NY Slip Op 02138


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Mazzarelli, J.P., Andrias, Webber, Oing, Moulton, JJ.


6111 21215/13E

[*1]James Anthony, etc., Plaintiff-Respondent,
v
Mihai Smina, M.D., et al., Defendants, St. Barnabas Hospital, Defendant-Appellant.


Garbarini & Scher, P.C., New York (William D. Buckley of counsel), for appellant.
Finz & Finz, P.C., Mineola (Ameer Benno of counsel), for respondent.



Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 8, 2016, which denied defendant St. Barnabas Hospital's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The motion court correctly found that plaintiffs did not attempt to assert a new theory of liability in opposition to defendant's motion for summary judgment by submitting evidence of the acts and omissions of two nonparty physicians, Dr. Butros Bazo and Dr. Tamara Erlikh, whom they identified by name for the first time in their opposition papers (compare Atkins v Beth Abraham Health Servs., 133 AD3d 491 [1st Dept 2015], with Rhymes v Patel, 139 AD3d 543 [1st Dept 2016]). It is undisputed that Dr. Bazo and Dr. Erlikh were employees of defendant during the relevant time. In the complaint and the bill of particulars, plaintiff articulated a theory of vicarious liability against defendant for the acts and omissions of its employees, which included a failure to timely detect or diagnose the decedent's lung cancer. In their opposition, plaintiffs presented a more detailed picture of this alleged failure using information obtained during discovery, which included Dr. Erlikh's deposition. They submitted evidence that Dr. Bazo failed to order a recommended CT scan and that Dr. Erlikh ordered a CT scan without the recommended contrast.
Defendant not only attended Dr. Erlikh's deposition, but also knew of her involvement in the decedent's treatment before it moved for summary judgment; in its motion it submitted a physician expert's affirmation opining that Dr. Erlikh's treatment of the decedent was in keeping with accepted standards of care (cf. Harty v Lenci, 294 AD2d 296 [1st Dept 2002] [plaintiff improperly asserted at a late stage vicarious liability against hospital based on negligence of two physicians not named as defendants or identified in bill of particulars or during prior proceedings]). Although the record before us does not indicate that defendant similarly appreciated the extent or nature of Dr. Bazo's involvement in the decedent's treatment before plaintiff opposed its motion, we find that the court adequately addressed any element of unfair [*2]surprise as to Dr. Bazo by inviting defendant to depose him, notwithstanding the filing of the note of issue, and to move to renew or reargue based on any new information obtained during that deposition.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK