Quizhpi v South Queens Boys & Girls Club, Inc. (2018 NY Slip Op 07469)





Quizhpi v South Queens Boys & Girls Club, Inc.


2018 NY Slip Op 07469


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-11498
 (Index No. 15237/11)

[*1]Wilson Quizhpi, respondent, 
v
South Queens Boys & Girls Club, Inc., appellant, et al., defendant.


Cozen O'Connor, New York, NY (Eric J. Berger and Edward Hayun of counsel), for appellant.
Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Brian J. Shoot and Gabriel A. Arce-Yee of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant South Queens Boys & Girls Club, Inc., appeals from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated October 11, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on so much of the complaint as alleged violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant South Queens Boys & Girls Club, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 1, 2011, the plaintiff was employed on a demolition and asbestos abatement project on the roof of a building owned by the defendant South Queens Boys & Girls Club, Inc. (hereinafter the defendant). According to the plaintiff's deposition testimony, he had just walked to the area where he was to begin removing asbestos when the portion of the roof on which he was standing collapsed, causing him to fall into the second floor of the building and sustain injuries. However, the foreman of the work site testified at his deposition that the plaintiff had begun removing asbestos prior to falling through the roof.
The plaintiff commenced this action against the defendant and another party, alleging, inter alia, that violations of Labor Law §§ 240(1) and 241(6) caused his injuries. The plaintiff moved, among other things, for summary judgment on the issue of liability on so much of the complaint as alleged violations of Labor Law §§ 240(1) and 241(6), and the Supreme Court granted those branches of the plaintiff's motion. The defendant appeals.
"In order for liability to be imposed under Labor Law § 240(1), there must be a foreseeable risk of injury from an elevation-related hazard . . . as [d]efendants are liable for all normal and foreseeable consequences of their acts'" (Carrillo v Circle Manor Apts., 131 AD3d 662, 662, quoting Shipkoski v Watch Case Factory Assoc., 292 AD2d 587, 588 [internal quotation marks omitted]; see Gordon v Eastern Ry. Supply, 82 NY2d 555, 562). Here, the plaintiff demonstrated, prima facie, that the need for safety devices to protect him from an elevation-related hazard occasioned by removing asbestos from the roof of a building was foreseeable. The defendant failed [*2]to raise a triable issue of fact in opposition. Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240(1) insofar as asserted against the defendant (see Taylor v V.A.W. of Am., 276 AD2d 621, 622).
In order to establish liability under Labor Law § 241(6), "a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case'" (Rodriguez v 250 Park Ave., LLC, 161 AD3d 906, 908, quoting Aragona v State of New York, 147 AD3d 808, 809). The plaintiff argues that the defendant violated section 23-3.3(c) and (l) of the Industrial Code, which apply to certain situations involving demolition work (see 12 NYCRR 23-3.3). The Industrial Code defines "demolition work" as "[t]he work incidental to or associated with the total or partial dismantling or razing of a building or other structure including the removing or dismantling of machinery or other equipment" (12 NYCRR 23-1.4[b][16]). Contrary to the defendant's contention, the plaintiff demonstrated that he was engaged in demolition work within the meaning of the Industrial Code at the time of the accident, and the defendant failed to raise a triable issue of fact in opposition (see Cueva v 373 Wythe Realty, Inc., 111 AD3d 876, 876-877). Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 241(6) insofar as asserted against the defendant, regardless of the existence of issues of fact as to the plaintiff's comparative negligence (see Rodriguez v City of New York, 31 NY3d 312).
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court