Deleon v Cao (2025 NY Slip Op 02410)

Deleon v Cao

2025 NY Slip Op 02410

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 152204/22|Appeal No. 4162|Case No. 2024-02070|

[*1]Gustavo Deleon, Plaintiff-Respondent,
v
Victor Cao et al., Defendants-Appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Lori E. Parkman of counsel), for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered February 23, 2024, which, upon reargument, granted plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Supreme Court properly granted the motion for reargument, as it misapplied the law when it denied plaintiff's initial motion for summary judgment (CPLR 2221[d][2]). Plaintiff sustained his burden of proof on his motion for summary judgment, demonstrating that there were no triable issues of fact as to liability. However, defendants failed to provide a nonnegligent explanation for the motor vehicle collision that injured plaintiff, and therefore failed to sustain their burden of proof in opposition (see Mendez v Queens Plumbing Supply, Inc., 39 AD3d 260, 260 [1st Dept 2007]).
Furthermore, upon reargument, the court properly granted plaintiff's motion. Plaintiff made a prima facie showing of entitlement to partial summary judgment by submitting his affidavit along with a nonparty witness statement, as well as video of the collision and photographic evidence of the damage to plaintiff's car, which combined, established that when defendants' vehicle attempted to merge, it struck plaintiff's vehicle and proceeded to push that vehicle forward for many yards without stopping.
In opposition, defendant Victor Cao averred that he "believe[d] that plaintiff's vehicle came from the left lane, accelerated, and attempted to cross over into the lower-level section of the George Washington Bridge entrance," entering Cao's lane and striking his vehicle. However, Cao also stated that he was not even aware of the collision until he heard "horn honking from vehicles." This speculative account was insufficient to raise an issue of fact (see Mora v Branker, 223 AD3d 624, 625 [1st Dept 2024]; Warden v Orlandi, 4 AD3d 239, 242 [1st Dept 2004]). Moreover, despite defendant's assertion that damage to plaintiff's car establishes that the accident was not a rear-end collision, whether Cao's vehicle struck plaintiff's vehicle in the rear or on the side, plaintiff demonstrated that the collision occurred when Cao attempted to merge into plaintiff's lane, and this fact was sufficient to establish Cao's negligence in violating Vehicle and Traffic Law § 1128(a) (see e.g. Mora, 223 AD3d at 625).
We reject defendants' argument that because the parties have not conducted discovery, plaintiff's motion was premature. On the contrary, defendants had all the relevant information as to Cao's actions before and during the collision, and access to the evidence proffered by plaintiff, yet did not submit any further evidence in response to plaintiff's prima facie showing of negligence (see Ahmad v Behal, 221 AD3d 558, 559 [1st Dept 2023]; Mirza v Tribeca Auto. Inc., 189 AD3d 448 [1st Dept 2020]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025