■ DANIEL JIMENEZ, Appellant, v PAUL WEINER et al., Defendants, and LOEHMANN'S HOLDINGS, INC., et al., Respondents. (And a Third-Party Action.) [779 NYS2d 23]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered on or about March 11, 2003, which denied plaintiff's motion to strike the answer or preclude defendants from offering evidence at trial, and to permit the filing of a note of issue, unanimously modified, on the law and the facts, to the extent of granting plaintiff's motion only to the extent indicated in the decision herein, and otherwise affirmed, without costs.

Plaintiff's counsel notified defendants of an intention to inspect a ramp that allegedly caused the accident and advised defendant of its obligation to preserve and not destroy or dispose of the ramp. Since the ramp was preserved for a reasonable pe-

riod of time (3½ years), in full public view during store hours, during which no inspection was held by plaintiff, and there is no evidence that defendants, who eventually removed and replaced it with a more permanent ramp, did so willfully, contumaciously or in bad faith, the sanctions sought by plaintiff are not warranted. However, defendant's failure to notify plaintiff's counsel of the intended removal is of substantial prejudice to plaintiff, and requires some relief. Since defendant has indicated that plaintiff's expert can formulate an opinion based on the available photographs, the appropriate remedy is to preclude defendant from objecting to the expert's use of such photographs as the basis for the expert's opinion, subject to the proper foundation being laid. Concur—Nardelli, J.P., Tom, Ellerin and Williams, JJ.