■ ROBERT HERNANDEZ, Respondent-Appellant, v COLUMBUS CENTRE, LLC, et al., Appellants-Respondents. (And a Third-Party Action.) [857 NYS2d 83]—

Judgment, Supreme Court, New York County (John F. O'Donnell, J., and a jury), entered December 22, 2006, awarding plaintiff, inter alia, $15,300 and $127,500 for past and future pain and suffering, respectively, on a finding that defendants were liable for plaintiff's injuries under Labor Law §§ 200 and 241 (6), unanimously modified, on the law, to vacate all findings

of liability except the finding against defendant Bovis Lend Lease LMB under Labor Law § 200, and, on the facts, to vacate the award for past pain and suffering, and a new trial directed on the Labor Law § 241 (6) claim against defendant Columbus Centre, and a new trial directed on the damage issue, unless, in the event plaintiff prevails at the new trial on liability, both defendants stipulate, or, in the event Columbus Centre prevails at the new trial, Bovis stipulates, within 24 hours after return of the verdict, without prejudice to post-trial motions, to increase the award for past pain and suffering to $100,000, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

The Labor Law § 200 claim against Bovis, the construction manager, was properly before the jury, since there was evidence that the injury arose "from the condition of the work place created by or known to the contractor, rather than the method of plaintiff's work" (*Murphy v Columbia Univ.*, 4 AD3d 200, 202 [2004]). However, no such evidence existed as to defendant Columbus Centre, the owner, and the Labor Law § 200 claim should have been dismissed as against it.

The Labor Law § 241 (6) claim was properly before the jury to the extent it was based on Industrial Code (12 NYCRR) § 23-1.30. Plaintiff's testimony, confirmed by his supervisor, that lighting conditions were poor, consisting only of a street light 150 to 200 feet away, created a triable issue of fact as to adequate lighting (*see Murphy v Columbia Univ.*, 4 AD3d at 202). The remaining three Code provisions submitted to the jury as predicates for liability were not supported by sufficient evidence. As to Industrial Code (12 NYCRR) § 23-1.7 (b) (1), plaintiff did not fall from a height of 15 feet (*see Dzieran v 1800 Boston Rd., LLC*, 25 AD3d 336, 338 [2006]) and the opening in the planks, which buckled beneath him, was not large enough for a person to fit through (*see Messina v City of New York*, 300 AD2d 121, 123 [2002]). As to Industrial Code (12 NYCRR) § 23-1.7 (d) and (e) (2), there was no evidence of a slippery condition or the presence of debris or scattered materials, respectively. However, since these four theories of liability were submitted in the form of a general verdict, we cannot determine the basis on which the jury found for plaintiff, and the judgment rendered on that verdict must be reversed (*see Davis v Caldwell*, 54 NY2d 176 [1981]). A new trial must be had to determine liability under section 241 (6) predicated on the theory of inadequate lighting against Columbus Centre alone, Bovis having separately been found liable under Labor Law § 200 (*see Weigl v Quincy Specialties Co.*, 1 AD3d 132, 133 [2003]).

The jury's award for past pain and suffering was inconsistent with its award of approximately three years' worth of lost earnings (*see generally Rivera v City of New York*, 253 AD2d 597, 600 [1998]; *Schaefer v RCP Assoc.*, 232 AD2d 286 [1996]) and was against the weight of the evidence. We find that an award of $100,000 for past pain and suffering over three years is reasonable, considering that plaintiff sustained a partial meniscal tear that required surgery, on an out-patient basis, crutches and then a cane, extensive physical therapy and pain medication.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias and Williams, JJ.