■ DAVID LATCHUK, Respondent, v THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [896 NYS2d 356]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered June 17, 2009, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240 (1) claim and to amend his already supplemented bill of particulars to specify certain additional Industrial Code violations in connection with his Labor Law § 241 (6) claim, and denied so much of defendant's motion for summary judgment dismissing the sections 240 and 241 claims, unanimously modified, on the law, plaintiff's motion for partial summary judgment on his section 240 claim denied, and otherwise affirmed, without costs.

While working at the George Washington Bridge, plaintiff allegedly fell from one of the bridge towers when his sandblasting hose exploded after he attempted to unclog it. Plaintiff maintains that although he used a spider basket to access elevated levels of the tower, he needed to exit the basket to be able to perform sandblasting. He further maintains that after the explosion, he could not use the basket to descend to a safe level, and was forced to remove his safety harness to climb down to a lower platform, when he fell and sustained further injuries. In light of defendant's position that plaintiff should have remained in the basket and that his decision to climb down from the work area without utilizing the basket or safety harness was the sole proximate cause of his injuries, issues of fact are presented that cannot be resolved on a motion for summary judgment (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]).

The court properly found that the evidence demonstrated possible violations of some of the additional Industrial Code sections alleged in plaintiff's proposed amended bill of particulars, viz., 12 NYCRR 23-5.1 (j) (1) and 23-1.22 (c) (2) and 23-5.3 (e) and 23-1.16 (b). Plaintiff's belated identification of these sections entails no new factual allegations, raises no new theories of liability, and results in no prejudice to defendant (*see Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 233

[2000]). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 31390(U).]**