■ RAMADES SEDA, JR., Respondent-Appellant, v NINA EP-STEIN et al., Appellants-Respondents. [900 NYS2d 6]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered on or about June 11, 2009, and amended order, same court and Justice, entered June 30, 2009, which, to the extent appealed from, respectively, denied plaintiff's motion to strike defendants' answer for spoliation of evidence and denied so much of defendants' cross motion for summary judgment as sought to dismiss plaintiff's Labor Law § 200 and common-law negligence claims, unanimously affirmed, without costs.

Contrary to defendants' contention, whether they controlled or directed the manner of plaintiff's work is irrelevant to the Labor Law § 200 and common-law negligence claims, since plaintiff alleges that his injury arose from a defective condition of the premises, where he was washing windows (*see e.g. Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 555 [2009]). The issue is whether defendants either created or had notice of the defective second-floor storm window frame, which plaintiff alleges broke or became dislodged, causing him to fall to the concrete patio below (*see Hernandez v Columbus Ctr., LLC*, 50 AD3d 597, 598 [2008]; *Griffin v New York City Tr. Auth.*, 16 AD3d 202, 202-203 [2005]; *Murphy v Columbia Univ.*, 4 AD3d 200, 201-202 [2004]). Summary judgment in defendants' favor is precluded by issues of fact raised by conflicting testimony as to whether defendants created the condition that caused plaintiff to step outside onto the ledge to clean the window, i.e., that the window had been painted shut, whether they had notice that the storm window frame needed repair, and whether the window frame had been properly repaired.

In view of plaintiff's testimony that he informed defendants a year before the accident that the window frame needed repair, that on the day of the accident defendant Nina Epstein told him it had been repaired, and that the frame did not seem loose when he touched the storm window, defendants failed to demonstrate conclusively that plaintiff was the sole proximate cause of his injuries.

The motion court properly declined to strike defendants' answer for spoliation of evidence (*see Quinn v City Univ. of N.Y.*, 43 AD3d 679 [2007]). There is no evidence that defendants' removal of the debris was willful; indeed, the preliminary conference order merely stated that defendants were to make the premises available for inspection, and plaintiff did not schedule an inspection for more than two years (*see e.g. Jimenez v Weiner*,

8 AD3d 133 [2004]). However, in view of defendants' failure to notify plaintiff's counsel of the intended removal, the court properly ordered the lesser sanction of an adverse inference charge (*see e.g. Balaskonis v HRH Constr. Corp.*, 1 AD3d 120, 121 [2003]). Concur—Tom, J.P., Nardelli, Renwick and Acosta, JJ.