■ EUGENIUSZ MINORCZYK et al., Appellants-Respondents, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al., Appellants-Respondents, and LIRO ENGINEERING AND CONSTRUCTION MANAGEMENT P.C., Respondent. CITY OF NEW YORK, Third-Party Plaintiff-Appellant-Respondent, v INTER CONNECTION ELECTRIC, INC., Third-Party Defendant-Respondent. [904 NYS2d 383]—

Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered May 20, 2009, upon a jury verdict, awarding damages to plaintiffs, vacating the finding of liability against defendant Liro Engineering and Construction Management, dismissing the City of New York's claims for contractual and common-law indemnification against third-party defendant Inter Connection Electric, and denying the City's motion for summary judgment on its claim against Inter Connection Electric for breach of its contract to procure insurance, unanimously modified, on the law and the facts, the verdict against Liro reinstated and the City's claim for contractual indemnification granted, the matter remanded for further proceedings, and otherwise affirmed, without costs. Appeals from amended order, same court and Justice, entered April 30, 2008, unanimously dismissed, without costs, as subsumed in the appeals from the judgment.

Liro was "the eyes, ears, and voice of the owner," with complete supervisory authority over the project and specific duties with regard to safety, rendering it a statutory agent of the owner for purposes of Labor Law § 241 (6) (see Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]).

Because the Labor Law § 200 and common-law negligence claims were based not on the injured plaintiff's employer's methods or materials but on a dangerous condition on the site, it was not necessary to show that Liro or the City exercised supervisory control over the manner of performance of the injury-producing work; the only issue was whether they had notice of the condition (see Seda v Epstein, 72 AD3d 455 [2010]; Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 555 [2009]). The jury finding that Liro and the City had notice of the icy condition on the roof of the building where the injured plaintiff slipped and fell was based on sufficient evidence, consisting of meteorological records of a heavy snowfall ending three days before the fall, Liro's records, and the testimony of the Dormitory Authority's on-site project manager, and was not against the weight of the evidence. Despite the City's actual negligence, it was not precluded by General Obligations Law § 5-322.1 from

obtaining partial contractual indemnification pursuant to the Inter Connection contract, i.e., indemnification for Inter Connection's negligence only, since the contract specifically barred indemnification of the City for its own negligence (*see Brooks v Judlau Contr., Inc.*, 11 NY3d 204, 207 [2008]; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Saxe, J.P., Friedman, Nardelli, Moskowitz and Richter, JJ.