■ JOHN BURTON et al., Appellants-Respondents, v CW EQUITIES, LLC, Respondent-Appellant, et al., Respondent. (And Third-Party Actions.) [938 NYS2d 533]—

Contrary to defendants' contention, the fact that the concrete walkway from which plaintiff John Burton fell was a permanent structure does not remove it from the coverage of Labor Law § 240 (1). The walkway provided access to the rear yard of the building under construction, extending over an approximately 15-foot-deep vaulted area below grade level. However, it had no guard rails or other barriers. Thus, "plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]).

Since plaintiff's injury did not arise from the method he used to perform his work, but from a dangerous condition of the workplace, it is not dispositive of his Labor Law § 200 claim that CW Equities did not control the work at the building site (*see Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 555

[2009]; *Hernandez v Columbus Ctr., LLC*, 50 AD3d 597, 598 [2008]). Whether CW Equities had the requisite notice of the dangerous condition is an issue of fact raised by its principal's testimony that he visited the site approximately every other day (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Similarly, as to plaintiff's common-law negligence claim, the record presents an issue of fact whether the dangerous condition should have been apparent upon visual inspection (*see Urban*, 62 AD3d at 555).

Although in his bill of particulars plaintiff did not allege a violation of Industrial Code (12 NYCRR) § 23-1.7 (b) (1) as a predicate for their Labor Law § 241 (6) claim, he identified it in opposition to CW Equities' motion, and CW Equities claims no prejudice from the late invocation of the provision (*see Latchuk v Port Auth. of N.Y. & N.J.*, 71 AD3d 560, 560-561 [2010]; *Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 233 [2000]).

The above-discussed issues of fact as to negligence on CW Equities' part preclude summary judgment on its claim for indemnification (*see Vukovich v 1345 Fee, LLC*, 61 AD3d 533, 534 [2009] [contractual]; *McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 377-378 [2011] [common law]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.