Contrary to defendants’ contention, the fact that the concrete walkway from which plaintiff John Burton fell was a permanent structure does not remove it from the coverage of Labor Law § 240 (1). The walkway provided access to the rear yard of the building under construction, extending over an approximately 15-foot-deep vaulted area below grade level. However, it had no guard rails or other barriers. Thus, “plaintiff’s injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential” (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]).
Since plaintiffs injury did not arise from the method he used to perform his work, but from- a dangerous condition of the workplace, it is not dispositive of his Labor Law § 200 claim that CW Equities did not control the work at the building site (see Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 555 [2009]; Hernandez v Columbus Ctr., LLC, 50 AD3d 597, 598 [2008]). Whether CW Equities had the requisite notice of the dangerous condition is an issue of fact raised by its principal’s testimony that he visited the site approximately every other day (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]). Similarly, as to plaintiffs common-law negligence claim, the record presents an issue of fact whether the dangerous condition should have been apparent upon visual inspection (see Urban, 62 AD3d at 555).
Although in his bill of particulars plaintiff did not allege a violation of Industrial Code (12 NYCRR) § 23-1.7 (b) (1) as a predicate for his Labor Law § 241 (6) claim, he identified it in *463 opposition to CW Equities’ motion, and CW Equities claims no prejudice from the late invocation of the provision (see Latchuk v Port Auth. of N.Y. & N.J., 71 AD3d 560, 560-561 [2010]; Noetzell v Park Ave. Hall Hous. Dev. Fund Corp., 271 AD2d 231, 233 [2000]).
Notwithstanding the above-discussed issues of fact as to negligence on its part, CW Equities should have been granted summary judgment on its claim for indemnification, since the indemnification provision at issue does not require T.F.N. to indemnify CW Equities for CW Equities’ own negligence (see Brooks v Judlau Contr., Inc., 11 NY3d 204 [2008]; Hughey v RHM-88, LLC, 77 AD3d 520, 522-523 [2010]; Minorczyk v Dormitory Auth. of the State of N.Y., 74 AD 3d 675, 675-676 [2010]).
The decision and order of this Court entered herein on February 14, 2012 is hereby recalled and vacated (92 AD3d 509 [2012]; see 2012 NY Slip Op 78975[U] [2012] [decided simultaneously herewith]). Concur — Mazzarelli, J.P., Saxe, Moskowitz, Freeds man and Manzanet-Daniels, JJ.