■ Douglas Flynn, Appellant-Respondent, v 835 6th Avenue Master L.P. et al., Respondents-Appellants. 835 6th Avenue Master L.P. et al., Third-Party Plaintiffs-Respondents-Appellants, v Century-Maxim Construction Corp. et al., Third-Party Defendants-Respondents. Century-Maxim Construction Corp., Second Third-Party Plaintiff-Respondent, v Rebar Lathing Corp., Second Third-Party Defendant-Respondent/Third Third-Party Defendant-Respondent. 835 6th Avenue Master L.P. et al., Third Third-Party Plaintiffs-Respondents-Appellants. [969 NYS2d 13]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered July 3, 2012, which, to the extent appealed from as limited by the briefs, granted plaintiff's cross motion for leave to amend his bill of particulars, granted defendants', third-party defendants', and second and third third-party defendants' motions for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim, and denied defendants' motion for summary judgment on their contractual indemnification claims against third-party defendants Century-Maxim Construction Corp. and Spieler & Ricca Electrical Co., Inc. (Spieler), unanimously modified, on the law, to grant defendants' motion for summary judgment on their contractual indemnification claims against Century-Maxim and Spieler, and otherwise affirmed, without costs.

The court properly permitted plaintiff to amend the bill of particulars, since no prejudice accrued from plaintiff's late invocation of violations of 12 NYCRR 23-1.7 (e) (2) and 23-2.1 (a) (1), and the claims entailed no new factual allegations or theories of liability (*see Burton v CW Equities, LLC*, 97 AD3d 462, 463 [1st Dept 2012]; *Latchuk v Port Auth. of N.Y. & N.J.*, 71 AD3d 560, 560-561 [1st Dept 2010]).

The court also properly granted summary judgment dismissing plaintiff's section 241 (6) claim, amendment notwithstanding. Plaintiff's testimony showed that the rebar that allegedly caused him to fall was in the process of being installed and thus integral to the ongoing work, defeating his claim of a violation of 12 NYCRR 23-1.7 (e) (2) (*see Burkoski v Structure Tone, Inc.*,

40 AD3d 378, 383 [1st Dept 2007]). Moreover, given plaintiff's vague and inconsistent testimony concerning the condition of the stacked rebar, his claim that the accident was caused by the rebar being stored in an unstable manner in violation of 12 NYCRR 23-2.1 (a) (1) is based on mere speculation (*compare Castillo v 3440 LLC*, 46 AD3d 382, 383 [1st Dept 2007]).

However, pursuant to their contracts with Century-Maxim and Spieler, defendants are entitled to the costs and attorneys' fees incurred by them in defense of this action. The clauses at issue provide for indemnification, including costs and fees arising from "any act or omission," and do not require proof of negligence to be enforced (*Matter of New York City Asbestos Litig.*, 41 AD3d 299, 302 [1st Dept 2007]). Moreover, the record does not contain any evidence that defendants were negligent (*see Alarcon v UCAN White Plains Hous. Dev. Fund Corp.*, 100 AD3d 431, 432 [1st Dept 2012]). Concur—Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Feinman, JJ.