■ JOSE VLADIMIR JEREZ, Respondent, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Appellants. [989 NYS2d 465]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered January 13, 2014, which denied plaintiff's motion for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1), unanimously reversed, on the law, without costs, and the motion granted. Appeals from order, same court and Justice, entered January 7, 2014, which denied so much of defendants' motion for summary judgment as sought dismissal of plaintiff's Labor Law § 241 (6) claims, granted so much of defendants' motion as sought dismissal of plaintiff's Labor Law § 200 claim and OSHA article 1926 claim, and denied plaintiff's cross motion for partial summary judgment on the issue of defendants' liability under Labor Law § 241 (6), unanimously dismissed, without costs, as academic.

Plaintiff, a carpenter, made a prima facie showing of his entitlement to judgment as a matter of law on the issue of defendants' liability under Labor Law § 240 (1). Indeed, he submitted evidence that he was injured while working at the construction of the new World Trade Center building when the brace he had secured his lanyard to gave way, causing him to fall 14 feet to the plywood floor below (*see Miglionico v Bovis Lend Lease, Inc.*, 47 AD3d 561, 564 [1st Dept 2008]). In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his injuries (*id.* at 565). Indeed, defendant Port Authority's witness plainly testified that plaintiff was not provided with two lanyards for 100% fall protection.

Since plaintiff is entitled to summary judgment as to liability on his section 240 (1) claim, we need not address plaintiff's Labor Law § 200, § 241 (6), or OSHA article 1926, claims (*see*

*Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 12 [1st Dept 2011]). In any event, were we to reach those claims, we would hold that while Supreme Court properly dismissed plaintiff's Labor Law § 200 and OSHA article 1926 claims, it should have granted plaintiff summary judgment on the issue of defendants' liability under Labor Law § 241 (6), insofar as it is predicated on a violation of Industrial Code (12 NYCRR) § 23-1.16 (b). That provision of the Industrial Code is sufficiently specific to warrant the imposition of liability (*see Latchuk v Port Auth. of N.Y. & N.J.*, 71 AD3d 560, 560 [1st Dept 2010]; *see e.g. Macedo v J.D. Posillico, Inc.*, 68 AD3d 508, 510 [1st Dept 2009]). Further, the record demonstrates that the regulation was violated, as the "approved safety belt or harness" was not "properly attached either to a securely anchored tail line, directly to a securely anchored hanging lifeline or to a tail line attached to a securely anchored hanging lifeline" (12 NYCRR 23-1.16 [b]), and the attachments plaintiff was using were clearly not arranged to prevent him from falling more than five feet (*see id.*). The remaining Industrial Code provisions plaintiff cited in support of his section 241 (6) claim are either insufficiently specific or inapplicable. Concur—Tom, J.P., Moskowitz, Manzanet-Daniels, Feinman and Gische, JJ.