■ BERNADETTE BOGGS, Individually and as Administratrix of the Estate of DANIEL C. BOGGS et al., Deceased, Respondent, v CITY OF NEW YORK, Appellant. [22 NYS3d 858]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered April 9, 2015, which, in this action alleging, inter alia, violation of Labor Law § 241 (6), denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The record presents triable issues of fact as to where the accident happened and whether there was adequate lighting at the subject work area in accordance with Industrial Code (12 NYCRR) § 23-1.30. The decedent's coworker, who was with decedent at the time he was struck and killed by a train, testified that the banker lights from the express southbound track and the lights from the subway station were approximately 50 feet away from the accident location, and that the ambient lighting at the accident location did not provide enough light to read a standard newspaper (*see Hernandez v Columbus Ctr., LLC,* 50 AD3d 597, 598 [1st Dept 2008]). The coworker's affidavit cannot be regarded as merely a self-serving allegation, because it can be reconciled with his prior testimony (*see e.g. Kalt v Ritman,* 21 AD3d 321, 323 [1st Dept 2005]). Contrary to defendant's contention, 12 NYCRR 23-1.30 is applicable, since this section requires lighting that provides a minimum of 10 foot candles of illumination in any area where persons are required to work, and there is no dispute that the accident occurred where construction work was being performed (*see Lucas v KD Dev. Constr. Corp.,* 300 AD2d 634 [2d Dept 2002]). Concur—Tom, J.P., Friedman, Saxe and Kapnick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL PEREZ, Appellant. [22 NYS3d 859]—Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about September 24, 2014, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly exercised its discretion when it declined to grant a downward departure (*see People v Gillotti,* 23 NY3d 841 [2014]). The factors cited by defendant, including his expert's report, do not warrant a different conclusion, especially in light of defendant's pattern of escalating sexual misconduct toward the victim. Concur—Tom, J.P., Friedman, Saxe and Kapnick, JJ.