■ Peter Chan et al., Appellants-Respondents, v Rowena Cheung, Respondent-Appellant. [30 NYS3d 613]—

Order, Supreme Court, New York County (Milton A. Tingling,

J.), entered January 13, 2015, which denied plaintiffs' motion for spoliation sanctions and defendant's cross motion to strike the complaint for spoliation of evidence, unanimously modified, on the law and the facts, to grant plaintiffs' motion to the extent of directing that defendant's answer be stricken, and otherwise affirmed, without costs.

In this defamation action, plaintiffs allege that, on or about July 9, 2009, defendant published a defamatory affidavit via an email. Upon receipt of correspondence, dated July 13, 2009, threatening litigation, and certainly upon service of the complaint herein, defendant should have placed a litigation hold on relevant electronic data in order to preserve it (*see VOOM HD Holdings LLC v EchoStar Satellite L.L.C.*, 93 AD3d 33 [1st Dept 2012]). However, defendant failed to preserve the email, and any other emails that may have been sent contemporaneously, and destroyed evidence of their existence, as plaintiffs proved conclusively at the hearing on these motions. Plaintiffs' computer forensic expert concluded that defendant had installed new operating systems on the subject computers after the July 13, 2009 notice and the August 26, 2009 complaint, resulting in the irrevocable destruction of evidence critical to the litigation. On three of the compromised systems, the expert was able to retrieve the exact dates of the destructive reinstall. The reinstall caused gigabytes of space on the allegedly preserved hard drives to be overwritten. At least one of the computers contained traces of PST files that no longer exist named "Rowena Archive Folder." In light of the warnings concerning potential loss of data and the prompts to reboot the machine that defendant would have received during the reinstallation process, the deletion of files containing defendant's archived email (like the reinstallation itself) could not be said to have been inadvertent. Plaintiffs did not rely on their computer forensic expert to establish the existence of the communications as defendant admitted sending the email to at least one vendor; and plaintiffs recovered that email and another from third-party recipients of those emails. Although plaintiffs have recovered one or two of the allegedly defamatory emails, it is impossible to determine the universe of recipients of the subject affidavit, and thus to determine the extent of damage to plaintiffs. The spoliation of the evidence is therefore highly prejudicial to plaintiffs.

Defendant undertook an affirmative course of action resulting in destruction of relevant emails, though she represented otherwise during sworn testimony. As the documents received from third-party recipients confirm, the files defendant

destroyed are highly relevant and tend to substantiate plaintiffs' claims. Evidence of defendant's willful and prejudicial destruction of evidence warrants the sanction of striking her pleadings (*see DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41 [2d Dept 1998]). Where a party disposes of evidence without moving for a protective order, a negative inference may be drawn that the destruction was willful (*id.*). Willfulness may also be inferred from a party's repeated failure to comply with discovery directives (*id.*). It should also be noted that this Court has upheld the striking of pleadings where the destruction of critical evidence occurs through ordinary negligence (*see e.g. Standard Fire Ins. Co. v Federal Pac. Elec. Co.*, 14 AD3d 213, 218 [1st Dept 2004]; *Amaris v Sharp Elecs. Corp.*, 304 AD2d 457 [1st Dept 2003], *lv denied* 1 NY3d 507 [2004]).

Defendant's speculation that plaintiffs are responsible for the destruction of relevant data, maintained on an off-site server, and improperly accessed her email account is insufficient to support the imposition of sanctions on plaintiffs. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.