◼ Herman Rookwood et al., Appellants, v Busy B's Child Care Daycare Inc. et al., Respondents. [48 NYS3d 48]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered June 1, 2015, which granted plaintiffs' motion for discovery and spoliation sanctions against defendants to the extent of precluding the individual defendants from presenting evidence as to the condition of the subject stairs at the time of plaintiff Herman Rookwood's accident, and otherwise denied the motion, unanimously modified, on the law, on the facts, and in the exercise of discretion, to grant the motion to the extent of striking defendants' answers, and as so modified, affirmed, without costs.

Herman Rookwood seeks damages for injuries sustained by him due to an allegedly defective staircase at premises owned by the individual defendants and leased to defendant daycare.

Plaintiffs' pre-action service of preservation letters on the daycare, the initiation of this action, and the issuance of the preliminary conference order, placed defendants on notice of the need to preserve the staircase. The staircase was removed and destroyed in November 2013, days before the scheduled court-ordered inspection. As found by the motion court, "[I]t is clear that the individual defendants destroyed the stairs in question in violation of the order of th[e] court, knowing that plaintiff's inspection was to take place a few days later."

The intentional destruction of the staircase, key physical evidence, severely prejudices plaintiffs' ability to prove their case, and warrants the extreme sanction of striking defendants' answers (see Chan v Cheung, 138 AD3d 484, 486 [1st Dept 2016]; Squitieri v City of New York, 248 AD2d 201, 202 [1st Dept 1998]). The record contains no evidence that photographs depicting the staircase exist. Nor is this a case where plaintiffs sat on their rights (compare Seda v Epstein, 72 AD3d 455, 455 [1st Dept 2010] [striking answer not warranted where, among other things, the plaintiff did not schedule an inspection of premises for more than two years], Jimenez v Weiner, 8 AD3d 133 [1st Dept 2004] [striking answer not warranted where, among other things, the ramp at issue was preserved for a reasonable period of time, during which no inspection was held by the plaintiff]).

The mere fact that the daycare did not own the premises does not warrant the denial of the motion to strike defendants' answers or the imposition of a lesser penalty, given that plaintiffs served the daycare with a preservation letter and that the daycare's chief executive officer was one of the owners of the premises (see Standard Fire Ins. Co. v Federal Pac. Elec. Co., 14 AD3d 213, 219-220 [1st Dept 2004]; Amaris v Sharp Elecs. Corp., 304 AD2d 457, 457-458 [1st Dept 2003], lv denied 1 NY3d 507 [2004]). Concur—Friedman, J.P., Mazzarelli, Andrias, Feinman and Gesmer, JJ.