Moura v City of New York (2018 NY Slip Op 06618)





Moura v City of New York


2018 NY Slip Op 06618


Decided on October 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2018

Friedman, J.P., Sweeny, Kapnick, Gesmer, Singh, JJ.


7227 150011/13

[*1]Celio Moura, et al., Plaintiffs-Respondents-Appellants,
v
City of New York, Defendant-Respondent-Appellant, New York City Department of Transportation, et al. Defendants,
B & H Engineering, P.C., Defendant-Appellant-Respondent. 
B & H Engineering, P.C., Third-Party Plaintiff,
v
Rovi Construction Corp., Third-Party Defendant-Appellant-Respondent. 
[And a Second Third Party Action]


Wade Clark Mulcahy LLP, New York (Paul W. Vitale of counsel), for B & H Engineering, P.C., appellant-respondent.
Voutè, Lohrfink, Magro & McAndrew, LLP, White Plains (Howard S. Jacobowitz of counsel), for Rovi Construction Corp., appellant- respondent.
Law Offices of Lawrence P. Biondi, Garden City (Lisa M. Comeau of counsel), for Celio Moura and Gabriella Prata Moura, respondents-appellants.
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York (Benjamin N. Gonson of counsel), for City of New York, respondent-appellant.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 17, 2017, which, insofar as appealed from as limited by the briefs, denied the motions of defendants City of New York and B & H Engineering, P.C. (B & H) for summary judgment dismissing the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.30 as against them, the common-law negligence and Labor Law § 200 claims as against B & H, and the cross claims
as against B & H, and granted the motions to the extent of dismissing the section 241(6) claim predicated on Industrial Code § 23-1.7(b)(1)(i), unanimously affirmed, without costs.
The injured plaintiff's employer was hired to erect, move, and adjust rolling scaffolding to facilitate B & H's inspection of the Manhattan Bridge. Viewed under the totality of the circumstances, this work constituted construction and alteration within the contemplation of Labor Law § 241(6) and Industrial Code § 23-1.4(b)(13) (see Saint v Syracuse Supply Co., 25 NY3d 117, 124-125 [2015]; Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882 [2003]; cf. Martinez v City of New York, 93 NY2d 322 [1999]). In addition, the injured plaintiff's work was [*2]a covered activity because it involved the construction and alteration of a structure, namely, the large rolling pipe scaffold that he helped erect and alter (see Lewis-Moors v Contel of N.Y., 78 NY2d 942 [1991]; McMahon v 42nd St. Dev. Project, 188 Misc 2d 25, 32-33 [Sup Ct, Bronx County 2001]).
The section 241(6) claim predicated on a violation of Industrial Code § 23-1.30 was properly sustained because there is an issue of fact as to whether the light at the accident site (the hole into which plaintiff stepped) was adequate, given the conflicting testimony supplied by defendants and the injured plaintiff (see Boggs v City of New York, 135 AD3d 583 [1st Dept 2016]; Hernandez v Columbus Ctr., LLC, 50 AD3d 597 [1st Dept 2008]).
The Labor Law § 241(6) claim predicated on a violation of Industrial Code § 23-1.7(b)(1)(i) was properly dismissed because the area into which the injured plaintiff fell did not constitute a hazardous opening within the meaning of that provision (see Bisram v Long Is. Jewish Hosp., 116 AD3d 475 [1st Dept 2014]; Messina v City of New York, 300 AD2d 121, 123 [1st Dept 2002]).
Labor Law § 200 and common-law negligence liability cannot be imposed upon B & H premised on the methods and means of the work because it merely exercised general supervisory authority over the injured plaintiff's work. There was no evidence that B & H provided actual supervision or direction over his work on the scaffold (see Francis v Plaza Constr. Corp., 121 AD3d 427, 428 [1st Dept 2014]; Hughes v Tishman Constr. Corp., 40 AD3d 305, 306 [1st Dept 2007]).
Nevertheless, there are issues of fact sufficient to support Labor Law § 200 and negligence claims as against B & H predicated on the dangerous condition of the premises. Evidence showed that the hole, combined with the alleged inadequate lighting, was a dangerous condition created by B & H when its inspectors removed lighting originally given to the injured plaintiff and his coworkers (see Hernandez, 50 AD3d at 598; cf. Cahill v Triborough Bridge & Tunnel Auth., 31 AD3d 347, 350-351 [1st Dept 2006]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 4, 2018
CLERK