Coombes v Shawmut Design & Constr. (2019 NY Slip Op 06455)





Coombes v Shawmut Design & Constr.


2019 NY Slip Op 06455


Decided on September 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 10, 2019

Friedman, J.P., Richter, Tom, Gesmer, Moulton, JJ.


9611 155497/14

[*1]Derek Coombes, et al., Plaintiffs-Appellants,
v
Shawmut Design & Construction, et al., Defendants-Respondents.
Shawmut Design & Construction, et al., Third-Party Plaintiffs-Respondents,
v
Rockmor Electric Enterprises, Third-Party Defendant-Respondent.
Rockmor Electric Enterprises, Second Third-Party Plaintiff-Respondent,
v
Cord Contracting Co., Inc., Second Third-Party Defendant.


The Braunstein Law Firm, PLLC, New City (Michael L. Braunstein of counsel), for appellants.
Lawrence, Worden, Rainis & Bard, P.C., Melville (Michael E. Shay of counsel), for Shawmut Design & Construction and Apple, Inc., respondents.
Camacho Mauro Mulholland, LLP, New York (Anthony J. Buono of counsel), for Rockmor Electronic Enterprises, respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about April 25, 2018, which, to the extent appealed from, denied plaintiffs' motion for summary judgment on liability on their Labor Law §§ 240(1) and 241(6) claims and granted defendants/third-party plaintiffs Shawmut Design & Construction (Shawmut) and Apple, Inc.'s (Apple) and third-party defendant/second third-party plaintiff Rockmor Electric Enterprises' (Rockmor) motions for summary judgment dismissing the complaint, unanimously modified, on the law, to grant plaintiffs' motion as to the Labor Law § 240(1) claim, and deny Shawmut and Apple's, and Rockmor's motions as to the common law negligence and Labor Law § 200 claims as against Shawmut and as to the Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff electrician was injured when he fell from an elevated concrete platform on his work site that did not have safety rails or stairs, and over which he was repeatedly required to traverse to access an electrical panel to do his work. This accident falls within the ambit of Labor Law § 240(1), because plaintiff's injuries were the direct consequence of a failure to provide adequate protection, such as a guardrail or stairs, to prevent the risk posed by the physically significant elevation differential (see Burton v CW Equities, LLC, 97 AD3d 462 [1st Dept 2012]).
Since plaintiffs' Labor Law § 200 claim is premised upon Shawmut's alleged notice and [*2]failure to remedy the dangerous condition of materials stored haphazardly on the platform where plaintiff fell, it should have been sustained (see Burton, 97 AD3d 462).
However, Supreme Court properly dismissed the Labor Law § 241(6) claim, as each of the Industrial Code provisions relied on by plaintiffs is either inapplicable or too general to give rise to liability under the statute.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 10, 2019
CLERK