| |
|---|
| **Desrosiers v HWA 1290 III LLC.** |
| 2025 NY Slip Op 30718(U) |
| March 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 161164/2017 |
| Judge: Richard G. Latin |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. RICHARD G. LATIN**          PART          **46M**

*Justice*

-------------------------------------------------------------------------------X

KARILL DESROSIERS,

                      Plaintiff,

- v -

HWA 1290 III LLC., HWA 1290 IV LLC., HWA 1290 V LLC.,
NEUBERGER BERMAN, NEUBERGER BERMAN GROUP
LLC., BENCHMARK BUILDERS, INC., AT&T MOBILITY
LLC, NEW CINGULAR WIRELESS PCS, LLC,

                      Defendant.

-------------------------------------------------------------------------------X

HWA 1290 III LLC., HWA 1290 IV LLC., HWA 1290 V LLC.,
NEUBERGER BERMAN GROUP, LLC,

                      Third-Party Plaintiff,

- v -

AT&T MOBILITY LLC, NEW CINGULAR WIRELESS PCS,
LLC, GUARD MANAGEMENT SERVICE CORP.,

                      Third-Party Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161164/2017 |
| MOTION DATE | 05/08/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595777/2018

The following e-filed documents, listed by NYSCEF document number (Motion 003) 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136

were read on this motion to/for                 DISMISSAL            .

      In motion sequence number 003, Defendants/Third-Party Plaintiffs HWA 1290 III, LLC,

HWA 1290 IV, LLC, HWA 1290 V, LLC, (collectively "HWA 1290"), NEUBERGER BERMAN,

NEUBERGER BERMAN GROUP, LLC, (collectively "NEUBERGER"), AT&T MOBILITY

(hereinafter "AT&T") and NEW CINGULAR WIRELESS PCS, LLC (hereinafter

"CINGULAR") move, pursuant to CPLR 3212, for an order granting summary judgment and

**161164/2017  DESROSIERS, KARILL vs. HWA 1290 III LLC.**          **Page 1 of 11**
Motion No.  003

1 of 11

[* 1]

dismissing plaintiff KARILL DESROSIERS'S claims under New York State Labor Law §§ 200, 240(1), and 241(6).

## BACKGROUND

PROCEDURAL HISTORY

Plaintiff commenced this action by filing a summons and verified complaint against defendants HWA 1290, Neuberger and Benchmark Builders, Inc. (hereinafter "Benchmark") (*see* NYSCEF DOC. NO. 1).[1] Plaintiff alleges that while he was working as a security guard at a construction site located at 1290 6th Avenue, New York, New York 10104, he was struck by a ladder as a result of defendants' negligence (*see* NYSCEF DOC. NO. 1). He also alleges claims under New York State Labor Law §§200, 240, and 241(6) (*id*.).

Defendant Benchmark joined issue by service of its answer on March 6, 2018 (*see* NYSCEF DOC. NO. 8).

Defendants HWA 1290 and Neuberger joined issue by service of its answer on March 13, 2018 (*see* NYSCEF DOC. NO. 9).

Defendants HWA 1290 and Neuberger subsequently commenced a third-party action against defendants AT&T, Cingular[2] and Guard Management Service, Corp. (hereinafter "GMSC") (*see* NYSCEF DOC. NO. 25).

Third-Party defendants Guard Management joined issue by service of its answer on November 2, 2018 (*see* NYSCEF DOC. NO. 32).

On November 7, 2018, plaintiff filed a Supplemental Summons and Complaint (*see* NYSCEF DOC. NO. 33).

---

[1] Plaintiff named defendant Tishman as "Tishman Construction" in his initial summons and complaint.
[2] Third-Party plaintiff's identified Cingular as "New Singular Wireless PCS, LLC."

**161164/2017   DESROSIERS, KARILL vs. HWA 1290 III LLC.**                    **Page 2 of 11**
  **Motion No.  003**

2 of 11

On December 7, 2018, defendants HWA 1290 and Neuberger filed a verified answer to plaintiff's amended complaint (*see* NYSCEF DOC. NO. 34).

On December 10, 2018, defendant Benchmark filed an answer to plaintiff's amended complaint (*see* NYSCEF DOC. NO. 36).

Defendants AT&T and Cingular joined issue by service of their answer to plaintiff's amended verified complaint on December 28, 2018 (*see* NYSCEF DOC. NO. 40).

Plaintiff filed his Note of Issue on December 11, 2023 (*see* NYSCEF DOC. 107).

PLAINTIFF'S TESTIMONY

Plaintiff appeared for an examination before trial on January 12, 2021 (*see* NYSCEF DOC. NO. 111). Plaintiff's accident occurred on the evening of May 10, 2017 on the 22nd floor of a building located at 1290 6th Avenue, New York, New York (*id.* at pg. 26-29). At the time of his accident, plaintiff was employed by GMSC as a security guard (*id*. at pg. 20-21). Plaintiff testified that as part of his job responsibilities, he would escort construction workers and patrol the subject location (*id.* at pg. 23-24). On the date of his accident, plaintiff made a single trip to the 22nd floor to escort a construction worker named Dalton Harry (hereinafter "Dalton") (*id*. at pg. 33-36). Plaintiff testified that there was a construction project occurring on the 22nd floor (*id*. at 33). Plaintiff was then asked "[s]o what happened after you and Dalton arrived on the 22nd floor?" to which he replied "[h]e was on the ladder, and he fell. I am not sure what he was doing" (*id.* at pg. 39).

Plaintiff testified that Dalton had previously fallen at the subject location shortly prior to plaintiff's accident (*id*. at pg. 44-46). Plaintiff testified that he told Dalton to be careful and he began walking towards the freight elevator a few feet away (*id*. at pg. 47). Before plaintiff could

**161164/2017   DESROSIERS, KARILL vs. HWA 1290 III LLC.**                    **Page 3 of 11**
  **Motion No.  003**

3 of 11

enter the elevator, Dalton fell again from the ladder and plaintiff was struck in his right leg by the ladder. (*id.* at 48).

## DISCUSSION

It is well settled that "[t]he proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986], citing *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).  Once the movant has made a *prima facie* showing, the burden shifts to the opposing party to "present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact" (*Casper v Cushman & Wakefield*, 74 AD3d 669, 669 [1st Dept 2010], *lv dismissed* 16 NY3d 766 [2011] [internal quotation marks and citation omitted]).

The court's function on summary judgment is "issue-finding rather than issue-determination" (*Mayo v Santis*, 74 AD3d 470, 471 [1st Dept 2010]).  In deciding the motion, "the court should draw all reasonable inferences in favor of the nonmoving party" and deny summary judgment if there is any doubt as to the existence of a material issue of fact (*Assaf v Ropog Cab Corp.*, 153 AD2d 520, 521 [1st Dept 1989] [citations omitted]).  "'[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient'" to defeat a motion for summary judgment (*Siegel v City of New York*, 86 AD3d 452, 455 [1st Dept 2011], quoting *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Furthermore, since summary judgment is a drastic remedy, it should never be granted when there is any doubt as to the existence of a triable issue of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).  When the existence is even arguable or debatable, summary judgment should be denied (*Stone v Goodson*, 8 NY2d 8, 12 [1960]).

**161164/2017   DESROSIERS, KARILL vs. HWA 1290 III LLC.**  **Page 4 of 11**
 **Motion No.  003**

[* 4]

4 of 11

## DEFENDANT/THIRD-PARTY PLAINTIFF MOTION SEEKING DISMISSAL OF PLAINTIFF'S LABOR LAW §§§ 200, 240 AND 241(6) CLAIMS

Movants seek an order granting summary judgment and dismissing plaintiff Karill Desrosiers's claims under New York State Labor Law §§200, 240(1), and 241(6). Movants argue that plaintiff, who was working a security guard when his alleged accident occurred "was not a protected employee who would be afforded the protections of Labor Law §§§ 200, 240 and 241(6). (*See* NYSCEF DOC. NO. 123 at pg. 12). They argue that plaintiff "was not performing work necessary and incidental to the erection/repair of the building nor was he retained to do so" (*see* NYSCEF DOC. NO. 123). Movants also argue that plaintiff's common law negligence claim must be dismissed because his accident was not caused by movants. (*id.* at pg. 12-14). Movants also argue that a violation of OSHA Standard 129 CFR 926.1053 is not sufficient to prove negligence. (*id.* at pg. 140).

Lastly, movants argue that they are entitled to indemnification on their common-law indemnification and contribution claims against GMSC, as movants "have shown that if plaintiff sustained any damages from the alleged incident, the liability is on GMSC" (*id.* at pg. 17). Movants also claim that pursuant to the security services contract, "GMSC was required to maintain commercial insurance necessary to protect the Interest of HWA and Managing Agent" but GMSC failed to do so (*id.* at pg. 17).

In opposition to movants' motion, plaintiff argues that triable issues of fact exist as to whether the plaintiff was performing covered work pursuant to New York State Labor Law. Plaintiff maintains that "it is clear that [p]laintiff's duties at the time of the accident were related to the ongoing construction project at this accident location" (*see* NYSCEF DOC. NO. 131 pgs. 2-6).

**161164/2017   DESROSIERS, KARILL vs. HWA 1290 III LLC.**                                   **Page 5 of 11**
  **Motion No.  003**

[* 5]                                              5 of 11

Also, in partial opposition to movants' motion, third-party defendants GMSC also argue that any claims for common law indemnification and contribution are precluded by Worker's Compensation Law §§ 11 and 29(6) because plaintiff did not sustain a "grave injury" (*see* NYSCEF DOC. NO. 125 at pg. 3-5). GMSC also argues that movants' "failure to offer any evidence in admissible form that the alleged procurement of insurance terms of the contract were not complied with, must result in the denial of that portion of the motion" (*id*. at pg. 5-8). Plaintiff further argues that defendants failed to offer any "legally admissible and documented demonstration of when the area in question was last inspected prior to this accident" thus necessitating dismissal of the motion (*id*. at pg. 14). Plaintiff also argues that it cited to OSHA violations contained in 1926 and 1910, both of which the [d]efendants failed to address (*id.* at pg. 15).

### PLAINTIFF'S LABOR LAW §§ 200, 240(1), and 241(6) CLAIMS

Plaintiffs argue that defendant was not a protected employee who would be a covered person under Labor Law §§200, 240(1) and 241(6). The First Department's "covered person" jurisprudence is based not only on the specific job duties being performed at the time of the accident but also on what the plaintiff was retained to do — namely whether the retention was construction related. (*See Bayo v 626 Sutter Ave*, Assoc., LLC, 106 AD3d 648, 649 [1st Dept 2013] [night watchman not protected person even though assigned to construction site]. The First Department has found that when both the type of work and the work retained for did not entail construction related activity that it was not covered (*Blandon v Advance Contr. Co.*, 264 AD2d 550, 552 [1st Dept 1999]) (internal citations omitted). "The statutory protection does not extend, for example, to employees performing routine maintenance tasks at a building that happens to be undergoing construction or renovation, or duties as a night watchman or security guard").

**161164/2017   DESROSIERS, KARILL vs. HWA 1290 III LLC.**                                           **Page 6 of 11**
  **Motion No.  003**

6 of 11

[* 6]

Here, plaintiff was not performing any construction work nor was he hired in connection with any undergoing construction or renovation being performed. working on any building or structure. Nor was plaintiff affiliated with the construction work being performed. He testified, he was security guard who, as part of his job responsibilities, would escort construction workers and patrol the subject location (*see* NYSCEF DOC. NO. 111 at pg. 23-24). On the date of his accident, plaintiff made a single trip to the 22nd floor to escort Dalton to a construction project occurring on the 22nd floor (*id*. at pg. 33-36). Plaintiff did not even know what kind of construction project was occurring on the 22nd floor (*id*. at pg. 33-34). As such, plaintiff is not a covered person as contemplated by the Labor Law.

Accordingly, branch of movants' motion seeking dismissal of plaintiff's Labor Law claims pursuant to §§ 200, 240(1) and 241(6) claims is granted.

<u>PLAINTIFF'S LABOR LAW § 200 AND COMMON-LAW NEGLIGENCE CLAIMS</u>

As discussed previously, plaintiff is not the kind of worker intended to fall within the purview of the Labor Law. Even if Labor Law § 200 applied here, movants would still be entitled to dismissal of this claim.

Notwithstanding, Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). Furthermore, it is well settled that the authority to control the work is a precondition to establishing liability under Labor Law § 200 where the alleged defect or dangerous condition arises from the contractor's methods or means of the work (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). A property owner or contractor is liable under Labor Law § 200 when he either created the dangerous condition that caused the injury or failed to remedy a dangerous or defective condition of which

[* 7]

he had actual or constructive notice (*Eversfield v Brush Hollow Realty, LLC*, 91 AD3d 814, 816 [2d Dept 2012]).

Moreover, there are two distinct categories of Labor Law § 200 Cases: (1) where the accident is the result of a dangerous condition that is inherent in the premises; and (2) where the accident is the result of the means and methods used by a contractor to do its work (*Ruisech v Structure Tone, Inc.*, 208 AD3d 412, 414 [1st Dept 2022]*; Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-144 [1st Dept 2012]).

"'[W]here the injury was caused by the manner and means of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work'" (*Jackson v Hunter Roberts Constr., L.L.C.*, 205 AD3d 543, 543 [1st Dept 2022], quoting *Cappabianca*, 99 AD3d at 144).

In contrast, where the defect arises from a dangerous condition on the work site, instead of the methods or materials used by plaintiff and his employer, an owner or contractor "is liable under Labor Law § 200 when [it] created the dangerous condition causing an injury or when [it] failed to remedy a dangerous or defective condition of which [it] had actual or constructive notice" (*Mendoza v Highpoint Assoc., IX, LLC*, 83 AD3d 1, 9 [1st Dept 2011] [internal quotation marks and citation omitted]; *see also Minorczyk v Dormitory Auth. of the State of N.Y.,* 74 AD3d 675, 675 [1st Dept 2010])*.* In the dangerous-condition context, "whether [a defendant] controlled or directed the manner of plaintiff's work is irrelevant to the Labor Law 200 and common-law negligence claims…" (*Seda v Epstein*, 72 AD3d 455, 455 [1st Dept 2010]).

In this case, plaintiff was injured when a ladder used by Dalton, an employee of C-Squared, fell on his leg. (*See* NYSCEF DOC. NO. 111 at pg. 48). As this accident did not occur due to a

161164/2017   DESROSIERS, KARILL vs. HWA 1290 III LLC.
Motion No. 003

Page 8 of 11

8 of 11

condition inherent in the premises, but rather by the manner and means of the work, it must be shown that movants exercised some supervisory control over Dalton's work.

Here, movants have met their prima facie burden establishing entitlement to summary judgment by establishing that it did not exercise supervisory control over Dalton's work. C-Squared was hired by AT&T to perform installation of fiber, coax, antennas, and remotes, none of the movants exercised any control over the method and means of Dalton's work (*see* NYSCEF DOC. NO. 109). Even if movants exercised general supervisory powers, this alone is insufficient to form a basis for the imposition of liability (*see Goodwin v Comcast Corp.*, 42 AD3d 322, 323 [1st Dept 2007]). Additionally, when plaintiff was asked if Dalton had his own ladder or if there was one already on the 22nd floor, he answered "[n]o, he walk with it. He carried it" (*see* NYSCEF DOC. NO. 111 at pg. 40). On opposition, plaintiff fails to raise any triable issue of fact to establish that any of the movants had supervisory control over Dalton.

Plaintiff argues that defendant "has failed to provide any evidence of inspections of the work-related areas where the incident took place mandating denial of the [d]efendants motion in the first instance" (*see* NYSCEF DOC. NO. 131 at pg. 14). However, plaintiff does not even identify what condition, if any, caused his accident to occur. Plaintiff also argues that "it is clear from the above sided testimony that there are significant questions of fact as to the moving [d]efendants, involvement overall control of the subject premises" (*id.* at pg. 14). However, plaintiff has failed to raise a triable issue of fact as to whether movants exercised supervisory control over Dalton. As previously noted, plaintiff's alleged accident did not occur due to an alleged defect, but rather through the method and means of Dalton's work. Any argument related to inspections of work-related areas is extraneous and an attempt to create a feigned question of fact. The court has considered plaintiff's remaining contentions and find them unavailing.

**161164/2017 DESROSIERS, KARILL vs. HWA 1290 III LLC.**         **Page 9 of 11**
**Motion No. 003**

Accordingly, the branch of movants' motion seeking dismissal of plaintiff's Labor Law § 200 and common-law negligence claims is granted.

Lastly, the remaining arguments of movants' motion are denied as moot.

## CONCLUSION

Accordingly, it is

**ORDERED,** that the branch of defendants/third-party plaintiffs HWA 1290 III, LLC, HWA 1290 IV, LLC, HWA 1290 V, LLC, NEUBERGER BERMAN, NEUBERGER BERMAN GROUP, LLC, AT&T MOBILITY and NEW CINGULAR WIRELESS PCS, LLC's motion seeking an order granting summary judgment against plaintiff's claims pursuant to Labor Law § 200 and common-law negligence is granted; and it is further

**ORDERED,** that the branch of defendants/third-party plaintiffs HWA 1290 III, LLC, HWA 1290 IV, LLC, HWA 1290 V, LLC, NEUBERGER BERMAN, NEUBERGER BERMAN GROUP, LLC, AT&T MOBILITY and NEW CINGULAR WIRELESS PCS, LLC's motion seeking an order granting summary judgment against plaintiff's claims pursuant to Labor Law § 240(1) is granted; and it is further

**ORDERED,** that the branch of defendants/third-party plaintiffs HWA 1290 III, LLC, HWA 1290 IV, LLC, HWA 1290 V, LLC, NEUBERGER BERMAN, NEUBERGER BERMAN GROUP, LLC, AT&T MOBILITY and NEW CINGULAR WIRELESS PCS, LLC's motion seeking an order granting summary judgment against plaintiff's claims pursuant to Labor Law § 241(6) is granted; and it is further

**ORDERED,** that the branch of defendants/third-party plaintiffs HWA 1290 III, LLC, HWA 1290 IV, LLC, HWA 1290 V, LLC, NEUBERGER BERMAN, NEUBERGER BERMAN GROUP, LLC, AT&T MOBILITY and NEW CINGULAR WIRELESS PCS, LLC's motion

**161164/2017   DESROSIERS, KARILL vs. HWA 1290 III LLC.**                    **Page 10 of 11**
  **Motion No.  003**

[* 10]                                         10 of 11

seeking indemnification on common-law and contribution claims against GUARD MANAGEMENT SERVICE CORP. is denied; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for defendants/third-party plaintiffs shall serve a copy of this decision and order, with notice of entry, on the defendant, as well as, the Clerk of the Court, who shall enter judgment accordingly; and it is further

**ORDERED** that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

| **3/3/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | **RICHARD G. LATIN, J.S.C.** | | |
| CHECK ONE: | **X** CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| | **X** GRANTED | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161164/2017   DESROSIERS, KARILL vs. HWA 1290 III LLC.**
**Motion No.  003**

**Page 11 of 11**

11 of 11